**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

|  |  |
|---|---|
| EXAFER LTD., | |
| Plaintiff, | Case No. 1:20-cv-00131-ADA |
| v. | |
| MICROSOFT CORPORATION, | Jury Trial Demanded |
| Defendant. | |

**MICROSOFT'S MOTION TO DISMISS**
**EXAFER'S CLAIMS FOR INDIRECT INFRINGEMENT**

Exafer's claims for indirect infringement—specifically, induced infringement—fail for two reasons. First, Exafer does not allege that Microsoft had actual knowledge of the Patents-in-Suit or its alleged infringement thereof as required to plead a claim of induced infringement. Exafer simply alleges that Microsoft knew of the Patents-in-Suit at least as early as the filing and service of the Complaint. This Court has consistently held that such post-filing knowledge is insufficient to meet the knowledge requirement set forth by the Supreme Court in *Global-Tech Appliances*. Second, Exafer's induced infringement claims are insufficient under *Iqbal* and *Twombly* as they present nothing more than generalized allegations and recitations of legal conclusions which do not establish the necessary specific intent. For the same reasoning adopted by this Court in *Parus Holdings Inc. v. Apple Inc.*, No. 19-cv-00432 (W.D. Tex.), ECF No. 101 (Jan. 31, 2020), Exafer's allegations of indirect infringement should be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

## I.      FACTUAL BACKGROUND

On December 4, 2019, Exafer filed suit against Microsoft alleging infringement of U.S. Patent Nos. 8,325,733 and 8,971,335 ("Patents-in-Suit"). Exafer alleges that Microsoft "has been on notice of the [Patents-in-Suit] at least as early as the filing and service of the Complaint in this action." Compl. ¶¶ 98, 120. Exafer further alleges that Microsoft's Azure Platform directly infringes the Patents-in-Suit and/or Microsoft indirectly infringes the Patents-in-Suit via induced infringement because "at least since its post-filing knowledge of the [Patents-in-Suit], Microsoft knowingly encourage[d], and continues to encourage, customers to directly infringe one or more claims of the [Patents-in-Suit], including by Microsoft's action that include, without limitation, instructing and encouraging customers to use the Azure Platform through user guides/manuals, advertisements, promotional materials, and instruction." Compl. ¶¶ 100, 121. Exafer includes footnotes citing hyperlinks of alleged examples of "user guides/manuals, advertisements,

promotional materials, and instruction" that purportedly "instruct and encourage customers to use the Azure Platform," but Exafer provides no explanation of how these materials induce infringement of the Patents-in-Suit. Compl. ¶¶ 100 n. 26-29, 121 n. 30-33.  Exafer does not provide any allegations that Microsoft has pre-suit knowledge of the Patents-in-Suit.

## II.    LEGAL STANDARDS

To survive a motion to dismiss, allegations must include "enough factual matter" to, when taken as true, "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "This plausibility standard is met when 'the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-CV-309-LY, 2018 WL 8261315, at *1 (W.D. Tex. Nov. 30, 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  A conclusory allegation or a "formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678.

"To succeed on its induced infringement claim, Plaintiff must allege facts showing that [Defendant]: (1) had actual knowledge of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement." *Affinity Labs of Tex., LLC v. Toyota Motor N. Am.*, No. W:13-cv-365, 2014 WL 2892285, at *2 (W.D. Tex. May 12, 2014) (citing *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006)).  The Supreme Court held that "[i]nduced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement." *Global-Techs Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011).

## III.    ARGUMENT

The induced infringement claims in the Complaint present the same problems as the claims recently dismissed by this Court in *Parus Holdings Inc. v. Apple Inc.*, 6:19-cv-00432-

ADA (W.D. Tex) (Docket No. 101).  Exafer's allegations of indirect infringement fail to state a claim under Rule 12(b)(6) for two reasons.  First, Exafer fails to allege pre-suit knowledge of the Patents-in-Suit.  Second, Exafer fails to set forth any facts plausibly leading to the inference that Microsoft had the specific intent and knowledge required to satisfy the basic *Iqbal/Twombly* pleading standards for induced infringement.

### A.     Exafer Does Not Allege Pre-Suit Knowledge of the Patents-in-Suit.

To survive a motion to dismiss, Exafer must sufficiently allege that Microsoft had knowledge of the existence and the alleged infringement of the Patents-in-Suit.  The Complaint is devoid of such allegations. Instead, Exafer pleads only that Microsoft had knowledge of the Patents-in-Suit "at least as early as the filing and service of the Complaint in this action." Compl. ¶¶ 98, 120. However, "[t]o state a claim for induced infringement, the plaintiff must allege that the defendant knew of the patent and that the induced acts constitute patent infringement." *Addiction & Detoxification Ins. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

In line with the Supreme Court's holding in *Global-Tech Appliances*, this Court has consistently held that post-filing knowledge is not sufficient to plead indirect infringement, which makes sense because a defendant does not instantly acquire the requisite intent for indirect infringement at the time a complaint is filed.  Less than two weeks ago, the Court dismissed claims for induced infringement in Plaintiff's First Amended Complaint in *Parus Holdings Inc. v. Apple Inc.*, 6:19-cv-00432-ADA (W.D. Tex) (Docket No. 101) on that ground, among others. Further, in *VLSI Technology, LLC v. Intel Corp*., No. 6:19-cv-254-ADA (W.D. Tex.) (Docket Nos. 50, 52), this Court dismissed claims of indirect infringement for failure to satisfy the knowledge requirement where VLSI alleged—just as Exafer alleges here—that "Intel has had knowledge of the '357 Patent and its infringement of the '357 Patent at least since the filing of this Complaint." *See also Aguirre v. Powerchute Sports, LLC*, No. SA_10-cv-0702-XR, 2011

3

WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("To the extent Aguirre relied on knowledge of Aguirre's patent after the lawsuit was filed, such knowledge is insufficient to plead the requisite knowledge for indirect infringement.").  Accordingly, Exafer's filing of the Complaint does not satisfy the knowledge requirement to plead induced infringement and as such, Exafer's claims of induced infringement should be dismissed.

> **B.    Exafer Fails to Allege that Microsoft Specifically Intended to Induce Infringement of the Asserted Patents**

Exafer's indirect infringement claims also fail under *Iqbal* and *Twombly*.  Just as the Plaintiff Parus in *Parus Holdings LLC v. Apple*, Exafer does not set forth any factual allegations leading to the inference that Microsoft had the necessary specific intent to induce infringement. "[A] claim of induced infringement 'must contain facts plausibly showing that the defendants specifically intended their customers to infringe the asserted patent and knew that the customer's act constituted infringement." *Affinity Labs*, 2014 WL 2892285, at *3 (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1321, 1339 (Fed. Cir. 2012)). The specific intent element of induced infringement is not satisfied simply by "generalized allegations" of induced infringement through "marketing and sales tactics." *Id.* at. *7.

Moreover, induced infringement may not be pled by simply setting forth the conclusory allegation that a Defendant "acted with specific intent" or acted to "urge, instruct, [and/or] encourage" infringement.  *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) (affirming dismissal of indirect infringement claims).  Instead, an inducement claim must include factual allegations showing *how* inducement occurs.  *Affinity Labs*, 2014 WL 2892285, at *7 ("The complaint generally alleges that Toyota induced its customers to purchase its vehicles, but fails to allege how Toyota induced its customers to use the vehicles in a manner that would avoid the Asserted Patents."); *see also Hypermedia*

*Navigation LLC v. Google LLC*, No. 18-CV-01637-HSG, 2019 WL 1455336, at *3 (N.D. Cal. Apr. 2, 2019) ("[T]he complaint only states bald conclusions that an end user following YouTube instructions results in infringement.  In no way does the complaint detail how an end user would infringe Hypermedia's patents.").

Here, Exafer's allegations of induced infringement fall short, and are precisely the type of "generalized allegations" that this Court warned against in *Affinity Labs*:

> On information and belief, at least since its post-filing knowledge of the '773 patent, Microsoft knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '773 patent, including by Microsoft's actions that include, without limitation, instructing and encouraging customers to use the Azure Platform through user guides/manuals, advertisements, promotional materials, and instructions.

(ECF No. 1, ¶ 100; *see also id.*, ¶ 101 (alleging Microsoft "knows that the acts Microsoft induced customers to take constitute patent infringement and Microsoft's encouraging acts result in direct infringement by customers"); *id.*, ¶ 102 (alleging Microsoft "instructs and continues to instruct customers to use the Azure Platform"); *id.*, ¶ 104 (alleging Microsoft "has been, at least since its post-filing knowledge of the '773 patent, indirectly infringing and continues to indirectly infringe . . . by knowingly and specifically intending to induce infringement by others . . . and possessing specific intent to encourage infringement"); *id.*, ¶ 121-125 (same allegations regarding '335 patent).

Exafer's allegations of "instructing and encouraging" mirror the generic recitation of "urge, instruct, [and/or] encourage" that the Federal Circuit rejected in *Addiction*.  *See* 620 F. App'x at 938.  And in contravention to this Court's instructions in *Affinity Labs*, Exafer did not include any factual allegations showing *how* Microsoft allegedly induces infringement.  Rather, Exafer simply lists, without explanation, "user guides/manuals, advertisements, promotional materials, and instructions" (ECF No. 1, ¶ 100), as the "evidence" that Microsoft induces

infringement.  This is similar to the generic reference to "marketing and sales tactics" that was rejected in *Affinity Labs*.  *See* 2014 WL 2892285, at *7.  Exafer's inducement claims should be dismissed because they are nothing more than a conclusory allegation that Microsoft acted with specific intent.  *See, e.g.*, *Addiction*, 620 F. App'x at 938.

Exafer's reliance on Microsoft's online materials in the direct infringement sections of the Complaint does not cure these deficiencies.  An "alleged infringer must be shown to have *knowingly* induced infringement, not merely knowingly induced the *acts* that constitute direct infringement."  *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (quotation marks omitted).  As set forth by this Court in *Affinity Labs*, "[a]llegations that Toyota 'encouraged and is encouraging' its customers to infringe the Asserted Patents . . . may satisfy the pleading requirements for direct infringement.  However, such unsubstantiated assertions do not adequately support the more demanding specific intent requirement for a finding of induced infringement." *Affinity Labs*, 2014 WL 2892285, at *7.  Thus, referencing documents that describe how Microsoft's Azure Platform works is not sufficient to plausibly lead to an inference that Microsoft had the specific intent to induce infringement. In other words, Exafer needs to plead specific facts showing Microsoft's "post-knowledge actions teach an infringing use." *CyWee Grp. Ltd. v. HTC Corp.*, 312 F. Supp. 3d 974, 979 (W.D. Wash. 2018); *see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005) ("Ordinary acts incident to product distribution, such as offering customers technical support[,]" are insufficient.).

## IV.    CONCLUSION

For the reasons set forth above, Microsoft respectfully requests that the Court dismiss Exafer's claims for indirect infringement.

Dated: February 10, 2020

Respectfully submitted,
**Winston *& Strawn LLP***

/s/ *Katherine Vidal*
Katherine Vidal
Admitted Pro Hac Vice
KVidal@winston.com
Winston & Strawn LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
Telephone: (650) 858-6500
Facsimile: (650) 858-6559

M. Brett Johnson
Texas State Bar No. 00790975
MBJohnson@winston.com
Winston & Strawn LLP
2121 N. Pearl St., 9th Floor
Dallas, TX 75201
Telephone: (214) 453-6500
Facsimile: (214) 453-6400

Samantha M. Lerner
Admitted Pro Hac Vice
SLerner@winston.com
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5600
Facsimile:  (312) 558-5700

**COUNSEL FOR DEFENDANT
MICROSOFT CORPORATION**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this February 10, 2020 a true and correct copy of the Microsoft's Motion to Dismiss Exafer's Claims for Indirect Infringement was electronically filed with the Clerk of the Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

/s/ Katherine Vidal
Katherine Vidal