## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

|  |  |
|---|---|
| **EXAFER LTD.,** | |
| **Plaintiff,** | **Case No. 1:20-cv-00131-ADA** |
| **v.** | |
| **MICROSOFT CORPORATION,** | **Jury Trial Demanded** |
| **Defendant.** | |

## DEFENDANT MICROSOFT CORPORATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Microsoft Corporation ("Microsoft"), by and through its attorneys, hereby responds to Plaintiff Exafer Ltd.'s ("Exafer") Amended Complaint. Microsoft denies all allegations in the Amended Complaint, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts and not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Microsoft further denies that Exafer is entitled to the relief requested or any other relief.

### NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

> **Answer:** Microsoft admits that this is an action for alleged patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, but denies that Exafer is entitled to any of the relief it requests under the patent laws of the United States.

-1-

## THE PARTIES

2.      Plaintiff Exafer Ltd. is a privately held Israeli limited company with its principal place of business at 131 Ramot Meir, Israel.

**Answer:** On information and belief, Microsoft admits that Exafer, Ltd. purports to be an Israeli limited-liability company.  Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph and therefore denies the same.

3.      On information and belief, Defendant Microsoft Corporation is incorporated under the laws of Washington State with its principal place of business at 1 Microsoft Way, Redmond, Washington 98052. Microsoft may be served with process through its registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

**Answer:** Microsoft admits that it is a corporation incorporated under the laws of Washington State with its principal place of business at 1 Microsoft Way, Redmond, WAS 98052. Microsoft admits—for purposes of this litigation—that it may be served with process as set forth in the second sentence of Paragraph 4.

4.      On information and belief, Microsoft has been registered to do business in the state of Texas under Texas SOS file number 0010404606 since about March 1987.

**Answer:** Microsoft admits that it has been registered to do business in Texas under Texas SOS file number 0010404606.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

5.      On information and belief, Microsoft has had a regular and established place of business in this judicial district since at least as early as 2002.

**Answer:** Microsoft admits that it is registered to do business in the State of Texas.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

**Answer:** Microsoft admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) over actions arising under the patent laws of the United States. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

7.     Microsoft is subject to this Court's personal jurisdiction in accordance with due process and/or the Texas Long Arm Statute because, in part, Microsoft "[r]ecruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state." *See* Tex. Civ. Prac. & Rem. Code § 17.042.

**Answer:** Microsoft admits that this Court has personal jurisdiction over Microsoft for the purposes of this litigation only. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

8.     Microsoft has already admitted that this Court has personal jurisdiction over it in patent litigations bearing docket numbers: 6:19-cv-00399-ADA and 1:19-cv-00874-ADA.

**Answer:** Microsoft admits that this Court has personal jurisdiction over Microsoft for the purposes of this litigation only.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

9.     This Court also has personal jurisdiction over Microsoft because it committed and continues to commit acts of direct and indirect infringement in this judicial district in violation of at least 35 U.S.C. §§ 271(a) and (b).  In particular, on information and belief, Microsoft has, made, used, offered to sell and sold licenses for, or access to, Azure Platform in this judicial district, and has induced others to use the Azure Platform in this judicial district.

**Answer:** Microsoft admits that this Court has personal jurisdiction over Microsoft for the purposes of this litigation only.   Exafer's claims for indirect infringement have been dismissed without prejudice.  (D.I. 25).  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

10.     As used herein, the term "Azure Platform" is defined to include "(1) the Microsoft Azure cloud computing platform, (2) the hardware and software systems and components of the Microsoft Azure cloud computing platform, and (3) the numerous cloud-based features, products, services, and systems that are dependent upon or that leverage the Microsoft Azure cloud computing platform."

**Answer:** For the purposes of this answer only, Microsoft states that the term "Azure Platform" shall be used herein to refer to the Azure cloud computing platform offered by Microsoft.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

11.     On information and belief, Microsoft is subject to the Court's personal jurisdiction, in part, because it regularly conducts and solicits business, or otherwise engages in other persistent courses of conduct in this district, and/or derives substantial revenue from the sale and distribution of infringing goods and services provided to individuals and businesses in this district.

**Answer:** Microsoft admits that this Court has personal jurisdiction over Microsoft for the purposes of this litigation only.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

12.     This Court has personal jurisdiction over Microsoft because, *inter alia*, Microsoft, on information and belief: (1) has substantial, continuous, and systematic contacts with this State and this judicial district; (2) owns, manages, and operates facilities in this State and this judicial district; (3) enjoys substantial income from its operations and sales in this State and this judicial district; (4)

employs Texas residents in this State and this judicial district, and (5) solicits business and markets products, systems and/or services in this State and judicial district including, without limitation, related to the infringing Azure Platform.

> **Answer:** Microsoft admits that this Court has personal jurisdiction over Microsoft for the purposes of this litigation only. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

13.     On information and belief, Microsoft derives substantial revenue within the State of Texas and within this judicial district from the sale of the infringing Azure Platform.

> **Answer:** Microsoft admits that this Court has personal jurisdiction over Microsoft for the purposes of this litigation only. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

14.     Venue is proper pursuant to at least 28 U.S.C. § 1400(b), at least because Microsoft, either directly or through its agents, has committed acts of infringement in this district, and has a regular and established place of business in this district.

> **Answer:** Microsoft does not contest that venue is proper in this District under 28 U.S.C. § 1400(b) for the purposes of this litigation only. Microsoft admits that it is registered to conduct business in the State of Texas. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

15.     In fact, this district was deemed to be a proper venue for patent cases against Microsoft in actions bearing docket numbers: 6:19-cv-00399-ADA and 1:19-cv- 00874-ADA.

> **Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

16.    On information and belief, Microsoft maintains a variety of regular and established business locations in the judicial district including its Corporate Sales Office Locations, Retail Store Locations, and Datacenter Locations (hereinafter collectively referred to as "Microsoft's Regular and Established Business Locations").

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

17.    On information and belief, Microsoft operates multiple corporate sales offices in the judicial district, and these offices constitute regular and established places of business.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

18.    On information and belief, Microsoft employs hundreds of employees within its corporate sales offices located in the judicial district.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

19.    Namely, on information and belief, Microsoft has an established place of business in this judicial district known as "Corporate Sales Office: Austin" located at 10900 Stonelake Boulevard, Suite 225, Austin, TX, USA 78759.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft admits that it has a corporate sales office at 10900 Stonelake Boulevard, Suite 225, Austin, Texas, USA 78759.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

20.     On information and belief, Microsoft's "Corporate Sales Office: Austin" location was assessed by the Travis County Appraisal District in 2019 to have a market value of over $2.3 Million dollars.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

21.     On information and belief, Microsoft's "Corporate Sales Office: Austin" location features clear signage demonstrating Microsoft's established business operations at that location, as demonstrated by the photograph below which is accessible through the Google Maps service:



**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it has a corporate sales office at 10900 Stonelake Boulevard, Suite 225, Austin, Texas, USA 78759.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

22.     On information and belief, Microsoft's "Corporate Sales Office: Austin" location has been operational at least since June of 2017.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it has a corporate sales office at 10900 Stonelake Boulevard, Suite 225, Austin, Texas, USA 78759.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

23.     On information and belief, Microsoft has another established place of business in this judicial district known as "Corporate Sales Office: San Antonio" located at Concord Park II, 401 East Sonterra Boulevard, Suite 300, San Antonio, TX, USA 78258.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft admits that it has a corporate sales office at 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas USA 78258.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

24.     On information and belief, affixed to the exterior of Microsoft's "Corporate Sales Office: San Antonio" is signage featuring the "Microsoft" logo as seen in the below image from Google Map's Streetview.



**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it has a corporate sales office at 401 East Sonterra Boulevard, Suite 300, San Antonio, Texas USA 78258.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

25.     On information and belief, Microsoft markets, offers to sell, or sells products through its corporate sales offices located in this judicial district including but not limited to the accused Azure Platform.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

26.     On information and belief, Microsoft has placed advertisements for Austin based employment positions, including an Education Cloud Program Manager, which are focused, in part, on marketing Microsoft's accused Azure Platform.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only. Microsoft admits that it is registered to conduct business in the State of Texas. Microsoft admits that its website posted an opening for an Education Cloud Program Manager located in Austin. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

27.     On information and belief, Microsoft markets its accused Azure Platform, through its corporate sales offices to customers and potential customers located within this judicial district.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only. Microsoft admits that it is registered to conduct business in the State of Texas. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

28.     Microsoft operates multiple retail stores in this judicial district, which also constitute regular and established places of business.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only. Microsoft admits that it is registered to conduct business in the State of Texas. Microsoft admits that it operates retail stores in Austin and San Antonio. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

29.     On information and belief, Microsoft employs dozens of employees within its retail stores located in the judicial district.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only. Microsoft admits that it is registered to conduct business in the State of Texas. Microsoft admits that it operates retail stores in Austin and San Antonio. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

30.     On information and belief, Microsoft has a regular and established retail store locations in this judicial district known as "Microsoft Retail Store: The Domain" located at 3309 Esperanza Crossing, Suite 104, Austin, TX, USA 78758, and "Microsoft Retail Store: The Shops at La Cantera" located at 15900 La Cantera Parkway, Suite 6560, San Antonio, TX, USA 78256 ("Microsoft's Retail Locations").

> **Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft admits that it has a retail store at 3309 Esperanza Crossing, Suite 104, Austin, Texas USA 78758 and at 15900 La Cantera Parkway, Suite 6560, San Antonio, Texas USA 78256.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

31.     On information and belief, affixed to the exterior of Microsoft's Retail Locations is signage featuring Microsoft's red, green, blue, and yellow logo as seen in the below images.





**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it has a retail store at 3309 Esperanza Crossing, Suite 104, Austin, Texas USA 78758 and at 15900 La Cantera Parkway, Suite 6560, San Antonio, Texas USA 78256.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

32.     On information and belief, Microsoft has continuously operated a retail store location in this district at least since as early as December of 2014.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft admits that it has a retail store at 3309 Esperanza Crossing, Suite 104, Austin, Texas USA 78758 and at 15900 La Cantera Parkway, Suite 6560, San Antonio, Texas USA 78256.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

33.     On information and belief, in addition to selling goods and services, Microsoft utilizes its Retail Locations for educational and marketing purposes, to market and increase awareness of the Azure Platform.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft admits that it has a retail store at 3309 Esperanza Crossing, Suite 104, Austin, Texas USA 78758 and at 15900 La Cantera Parkway, Suite 6560, San Antonio, Texas USA 78256.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

34.     On information and belief, many of Microsoft's customers, who use the accused Azure Platform reside in the State of Texas and in this judicial district.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

35.     On information and belief, Microsoft has, offered to sell and sold licenses for, or access to, the accused Azure Platform to customers who reside in the State of Texas and in this judicial district.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

36.     On information and belief, Microsoft maintains a list of certified learning partners in this judicial district that offer training solutions and "Microsoft Certification preparation to help you

take your Microsoft technology skills to the next level." On information and belief, ONLC Training Centers is certified by Microsoft as a Learning Partner who employs "Microsoft Certified Trainers."

> **Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft admits that its website states that its "Microsoft Learning Partners offer a breadth of training solutions," such as "Microsoft Certification preparation to help you take your Microsoft technology skills to the next level."  Microsoft admits that its website lists ONLC as a Microsoft Learning Partner.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

37.    On information and belief, Microsoft certified educational centers including an ONLC Training Center located at 700 Lavaca Street, Suite 1400, Austin, Texas 78701, employ Microsoft Certified Trainers who teach Microsoft's customers who work and reside in the judicial district on the use and operation of the accused Azure Platform.

> **Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft admits that ONLC Training Centers' website states that ONLC offers "authorized Microsoft technical classes," and that it has a location in Austin, Texas. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

38.    On information and belief, Microsoft has spent at least tens of millions of dollars on networking and server infrastructure to support its accused Azure Platform that is located in the State of Texas and in this judicial district.

> **Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of

Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

39.     On information and belief, Microsoft owns and operates multiple datacenters in the judicial district, including without limitation data centers located at 5150 Rogers Road, San Antonio, TX 78251; 5200 Rogers Rd, San Antonio, TX 78251; 3823 Weisman Blvd, San Antonio, TX 78251; and 15000 Lambda Drive, San Antonio, TX 782245, (hereinafter "Microsoft's Datacenter Locations").

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in and has data centers located in the State of Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

40.     On information and belief, Microsoft utilizes its datacenter locations in this judicial district as regular and established places of business.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to conduct business in the State of Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

41.     On information and belief, on or about November 9th, 2017 the San Antonio Business Journal reported that "Chevron USA Inc., a subsidiary of Chevron Corp., sold its 5200 Rogers Road datacenter to Microsoft Corp. on Oct. 31." *See* "Microsoft buys Chevron's Datacenter in San Antonio" (D.I. 1 Ex. 3). On information and belief, as of the publication date of that article, Microsoft already "owned four datacenters in San Antonio and leased space inside two other co-location centers." *Id.* On information and belief, the sale of 5200 Rogers Road datacenter brought "Microsoft's total datacenter usage in San Antonio to seven different buildings." *Id.*

**Answer:**  Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that Exhibit 3 to Exafer's Original Complaint states that: "Microsoft sells cloud computing to businesses through Microsoft Azure, already owned four data centers in San Antonio and leases space inside two other co-location centers."  Microsoft admits that Exhibit 3 further provides: "The recent sale brings Microsoft's total data center usage in San Antonio to seven different buildings."  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

42.     On information and belief, Microsoft built "an Azure cloud environment inside Chevron's old datacenter." *Id*.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that Exhibit 3 states: "So essentially Microsoft expects to build an Azure cloud environment inside Chevron's old data center for the client."  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

43.     On information and belief, Microsoft's Azure Cloud Network includes 54 Azure regions worldwide. On information and belief, one of those regions is known as "South Central US".



**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only. Microsoft admits that its website currently states there are 56 Azure regions worldwide, including in South Central US. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

44. On information and belief, a substantial portion of the network and server infrastructure related to the "South Central US" Azure region is housed and operated in the Microsoft's Datacenter Locations.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

45. Microsoft has acknowledged in publicly available documents that the "South Central US" Azure region is hosted within one or more of the Microsoft Datacenter Locations. *See* "Windows Azure for G Cloud" (D.I. 1, Ex. 4).

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only. Microsoft admits that Exhibit 4 to Exafer's Original Complaint states

that: "If required data transfer rates are determined by the region in which your solution is deployed."  Microsoft admits that Exhibit 4 further indicates that South Central US is a sub-region in Zone 1.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

46.     On information and belief, the relationship between "South Central US" Azure region and one or more of the Microsoft Datacenter Locations was publicly reported on the website datacenterknowledge.com on or about September 4, 2018. *See* "Microsoft Blames 'Severe Weather' for Azure Cloud Outage" (D.I. 1, Ex. 5). On information and belief, on or about September 4, 2018, a "severe weather event" led to an outage of some Azure resources in the "South Central US availability region" which is "hosted in San Antonio." *Id.*

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that Exhibit 5 to Exafer's Original Complaint states that: "A cooling problem in one of its San Antonio, Texas centers effected [sic] Office 365 and Azure cloud outages for some customers Tuesday, Microsoft said.  The problem was caused by a voltage spike that resulted from a 'severe weather event, including lightning strikes' near the facility, the company said."  Microsoft admits that Exhibit 5 further states: "The outage was limited to resources hosted in the South Central US availability region."  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

47.     On information and belief, one or more of the Microsoft Datacenter Locations houses server and network infrastructure related to the Azure Platform.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

48.     On information and belief, a listing of Azure related products and services, which are available through the Azure Platform in the US South Central Azure Region is published on the Microsoft's web site. On information and belief, one or more of the Azure related products and services listed on Microsoft's website rely on the accused Azure Platform.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that its website provides a list of Azure products available by region, including South Central US.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

49.     On information and belief, Microsoft uses infringing network and server systems as part of its infringing Azure Platform, including specifically in the Microsoft Datacenter Locations.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

50.     On information and belief, Microsoft offers cloud services, which are enabled by infringing network and server systems that are located within the Microsoft Datacenter Locations.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

51.     On information and belief, many of the potential customers, customers, and users of the accused Azure Platform are located in this judicial district.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to do business in the State of Texas.

Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

52.     On information and belief, Microsoft uses Microsoft's Regular and Established Business Locations as a regular and established place of business because these locations are home to Microsoft's Cloud Infrastructure and Operations (MCIO) Team, Datacenter Operations Group, engineering teams and corporate and retail sales teams.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to do business in the State of Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

53.     On information and belief, Microsoft has recently advertised 24 open positions in the judicial district on its careers.microsoft.com website:

Showing **1 - 20** of **24** jobs

Austin   ×        San Antonio   ×

*See* https://careers.microsoft.com/us/en/c/data-center-jobs

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that its website posted 24 job openings that were available in Austin and San Antonio.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

-20-

54.     On information and belief, Microsoft has posted job advertisements for positions in this judicial district, including: Datacenter Campus Director, Director of Field Operations Integration, Datacenter Project Manager, Regional Critical Environment Operations Manager, IT Operations Manager, Datacenter Operations/Electrical Engineer, Mechanical Engineer, Datacenter Hardware Engineer.



*See e.g.* https://careers.microsoft.com/us/en/c/data-center-jobs

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that its website posted job openings that were available in San Antonio.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

55.     On information and belief, thousands of customers who rely on the infringing datacenter infrastructure that Microsoft's engineering and operations teams have built, reside in this judicial district.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to do business in the State of Texas.

Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

56.     On information and belief, the accused Azure Platform, was made by, was developed by, was marketed by, or was serviced by, employees located in the judicial district who work at one or more of Microsoft's Regular and Established Business Locations.

**Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to do business in the State of Texas. Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

57.     On information and belief, Microsoft's Regular and Established Business Locations are regular and established business locations because these locations are where numerous important Microsoft employees are located, including but not limited to Microsoft employees holding the following titles: Director of Product Management, Director of Solutions Sales, Director of Global Commissioning, Regional Director of Datacenter Operations, Program Manager, Senior Principal Software Engineering Manager, Regional Logistics Program Manager, Global Technical Account Manager, Regional OPS Assurance Manager, Construction Program Manager, Facilities Operations Manager, Field Operations DC Manager, Critical Environment Operational Excellence Program Manager, Senior Technical Delivery Manager, Global Lease Program Manager, Critical Environments Program Manager, Principal Program Manager, Regional Program Manager, Store Manager, Senior EHS Manager, Senior Mechanical Engineer, Information Technology and Operations Service Engineer, Senior Premier Field Engineer, Office 365 SMB Engineer, Service Engineer, Principal Software Development Engineer, Critical Facilities Engineer, Mechanical Engineer, System Center Configuration Management Engineer, Premier Field Engineer, Senior Solutions Architect, World Wide Secure Infrastructure Solution Architect, National Cloud Solution

Architect, Delivery Architect, Digital Architect, Cloud Solutions Architect, Senior Datacenter Technician, Datacenter Lead, and Partner Technology Strategist.

> **Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to do business in the State of Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

58.     On information and belief, publicly-available information lists 36 H-1B labor condition applications that Microsoft filed for persons employed in Austin, Texas since 2001. *See* D.I. 1, Ex. 6. On information and belief, publicly-available information lists 16 H-1B labor condition applications that Microsoft filed for persons employed in San Antonio, Texas since 2010. *See* D.I. 1, Ex. 7.

> **Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that Exhibits 6 and 7 to Exafer's Original Complaint speak for themselves.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

59.     On information and belief, the workers Microsoft employs in the judicial district are highly specialized and important to the regular operation of Microsoft because workers holding an H-1B visa are employed in a specialty occupation that requires a "theoretical and practical application of a body of highly specialized knowledge . . . and attainment of a bachelor's or higher degree in the specific specialty. . . " *See generally* 8 U.S.C. § 1184.

> **Answer:** Microsoft does not contest that venue is proper in this District for the purposes of this litigation only.  Microsoft admits that it is registered to do business in the State of Texas.  Microsoft denies that this is a convenient venue and denies the remaining allegations of this paragraph.

## BACKGROUND

60.     The patents-in-suit are the result of Exafer's years of research, design and development of innovative and proprietary networking technologies, which were led by Alon Lelcuk, Exafer's co-founder and an inventor of the patents-in-suit.

**Answer:** Microsoft admits that Alon Lelcuk is listed as an inventor on the face of the U.S. Patent Nos. 8,325,733 and 8,971,335 (the "patents-in-suit").  Microsoft lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the same.

61.     Mr. Lelcuk has worked as a senior executive in technology start-ups and corporations for over 25 years. In the early 1990s, Mr. Lelcuk founded the first commercial Israeli company with a connection to the Internet. Mr. Lelcuk also helped develop networking systems for some of the largest governmental and non- governmental network deployments in Israel.

**Answer:** Microsoft lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the same.

62.     In or around, May of 2008 Mr. Lelcuk began developing technology related to out of band control planes for network data flows.

**Answer:** Microsoft lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the same.

63.     In May 2009, Mr. Lelcuk co-founded Exafer along with co-inventor Amir Harel in order to commercialize their innovations.

**Answer:** Microsoft lacks knowledge or information sufficient to form a belief as to the remaining allegations in this paragraph, and therefore denies the same.

64.     The patents-in-suit relate, in part, to Software Defined Networking, which is an approach to computer network management that enables dynamic programmatically efficient network configuration to improve network performance and monitoring.

> **Answer:** Microsoft admits that on its face, U.S. Patent No. 8,325,733 is entitled "Methods and System for Layer 2 Manipulator and Forwarder."  Microsoft admits that on its face, U.S. Patent No. 8,971,335 is entitled "System and Method for Creating a Transitive Optimized Flow Path."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

65.     A declaration from Dr. Nader Mir, attached as Exhibit 14 and Incorporated into this Amended Complaint by reference, sets forth the qualifications of a person skilled in the art ("POSITA") and explains how a POSITA would understand Certain claim terms and the inventions disclosed in the patent-in-suit.

> **Answer:** Microsoft admits that Exhibit 14 to the Amended Complaint purports to be a declaration from Dr. Nader Mir.  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

### United States Patent No. 8,325,733

66.     On December 4, 2012, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 8,325,733 ("the '733 patent") entitled "Method and System For Layer 2 Manipulator and Forwarder" to inventors Amir Harel, Alon Lelcuk, Ronit Nossenson, and Avinoam Zakai.

> **Answer:** Microsoft admits that the '733 patent states on its face that it issued on December 4, 2012.  Microsoft admits that Amir Harel, Alon Lelcuk, Ronit Nossenson, and Avinoam Zakai are listed as inventors on the face of the '733 patent.  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

67.     The '733 patent is presumed valid under 35 U.S.C. § 282.

**Answer:** This paragraph contains a legal conclusion to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

68.     Exafer owns all rights, title, and interest in the '733 patent.

**Answer:** Microsoft admits that Exafer is listed as an assignee on the face of the '733 patent. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

69.     Exafer has not granted a license to Microsoft relating to the '733 patent.

**Answer:** Admitted.

70.     The abstract of the '733 patent describes a "method and system for forwarding frames of a flow via a layer 2 forwarder and manipulator (L2FM) for improving network utilization and improving users experience by reducing the latency associated with the flow. When a new flow is identified, forward control information for frames of the new flow is obtained. The forward control information can include re- writing of at least one field in an original header of the frames of the new flow. At least one field in an original header of the frames of the new flow is manipulated according to the obtained forward control information, and the manipulated frames of the new flow are forwarded accordingly." *See* D.I. 1, Ex. 1, '733 patent, Abstract.

**Answer:** Microsoft admits that the abstract of the '733 patent speaks for itself.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

71.     The '733 patent disclosure provided, *inter alia*, solutions for problems with, and improvements upon, existing computer networks and how such networks operate. For example, the '733 patent provides:

> [T]here are no remotely controlled supporting admission mechanisms that are capable of communicating with a forwarding device for delivering control information on a per session basis or per flow basis. Meaning there is no method

that verifies per each flow/session if the path chosen (forward information) is optimal. . . .

[Deep Packet Inspection] uses multi dimension classification are computational intensive, consume a lot of power and expensive while generally delivering more than an order magnitude slower throughput.

*See* D.I. 1, Ex. 1, '733 patent, Specification at col. 2, ll. 34-41.

**Answer:** Microsoft admits that the specification of the '733 patent speaks for itself. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

72.     The '733 patent then also provides:

Therefore there is a need for a novel system and method that will control and manipulate forwarding rules and information of flows on a per session basis or per flow basis at intelligent switches. A need for a novel system and method that will check and verify per flow and/or per session basis if the control information can be optimized and change it accordingly at different novel intelligent switches along communication paths.

*See* D.I. 1, Ex. 1,'733 patent, Specification at col. 2, ll. 60-67.

**Answer:** Microsoft admits that the specification of the '733 patent speaks for itself. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

73.     The '733 patent solves various technological problems inherent in computer networks and enables computer networks to, among other things, (1) function more efficiently, (2) be more agile in meeting customers' cloud computing needs, and (3) maximize the use of server and network hardware.

**Answer:** Microsoft admits that the specification of the '733 patent speaks for itself. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

74.     At least claim 1 of the '733 patent recites the phrase "the flow manager, based on the received frame of the flow, obtains the forwarding control information."

**Answer:** Microsoft admits that claim 1 of the '733 patent recites "the flow manager, based on the received frame of the flow, obtains the forwarding control information." Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

75.     When read in light of the '733 patent specification including at least Figs. 2 and 3, Col 7:25-35, and 8:28-36, and the plain language of claim 1, this phrase above informs a POSITA about the scope of the invention in claim 1 with reasonable certainty. Specifically, these disclosures generally describe how the frames of the flow are received and processed and, more specifically, how a received frame of a new flow can be used by the flow manager to obtain the forwarding control information. See Mir Dec., Ex. 14 at ¶¶18-19.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

76.     As such, based on at least these disclosures, a POSITA would be informed, with reasonable certainty, that "the received frame of the flow" refers to one of the received frames of the new flow.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

77.     At least claim 1 of the '733 patent recites the phrase "a layer 2 forwarder and manipulator (L2FM) located in a layer 2 network and serves a plurality of networks entities."

**Answer:** Microsoft admits that claim 1 of the '733 patent recites "a layer 2 forwarder and manipulator (L2FM) located in a layer 2 network and serves a plurality of networks entities." Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

78.     When read in light of the '733 patent specification including at least Fig. 7, Col. 3:42-44, 3:51-54, 11:40-12:14, and the plain language of claim 1, this phrase above informs a POSITA about the scope of the invention in Claim 1 with reasonable certainty. Specifically, these disclosures

generally describe how the L2FM is an intelligent layer 2 switch that is located in a network that uses layer 2 networking protocols and forwards digital data to and/or from entities that are within that network. See Mir Dec., Ex. 14 at ¶¶20-21.

>    **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

79.    As such, based on at least these disclosures, a POSITA would be informed, with reasonable certainty, that "a layer 2 forwarder and manipulator (L2FM) located in a layer 2 network and serves a plurality of networks entities" refers to an L2FM that is located in a network that uses layer 2 protocols and forwards digital data to and/or from entities belonging to that network

>    **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

80.    At least claim 1 of the '733 patent recites the phrase "the RAIC is an external entity to the network served by the L2FM."

>    **Answer:** Microsoft admits that claim 1 of the '733 patent recites "the RAIC is an external entity to the network served by the L2FM."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

81.    When read in light of the '733 patent specification including at least Figs. 1, 5, and 7, Col. 10:24-11:39, and 11:40- 12:14, and the plain language of claim 1, this phrase above informs a POSITA about the scope of the invention in Claim 1 with reasonable certainty. Specifically, these disclosures generally describe the location of the RAIC. See Mir Dec., Ex. 14 at ¶¶22-23.

>    **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

82.     As such, based on at least these disclosures, a POSITA would be informed, with reasonable certainty, that "RAIC is an external entity to the network served by the L2FM" refers to the RAIC being external to (i.e., not belonging to) the L2FM's network.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

83.     At least claim 1 of the '733 patent recites the phrases "the flow frames" and "the flow."

**Answer:** Microsoft admits that claim 1 of the '733 patent recites "the flow frames" and "the flow." Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

84.     When read in light of the '733 patent specification including at least Figs. 1, 2, and 3, Col. 6:40-44, 7:25-61, and 8:1-59, and the plain language of claim 1, this phrase above informs a POSITA about the scope of the invention in Claim 1 with reasonable certainty. Specifically, these disclosures generally describe the flow and flow frames. See Mir Dec., Ex. 14 at ¶¶24-26.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

85.     As such, based on at least these disclosures, a POSITA would be informed, with reasonable certainty, that "the flow frames" refers to the frames of a flow identified by the flow identifier and "the flow" refers to the new flow.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

86.     At least claim 26 of the '733 patent recites the phrase "obtaining forward control information for frames of the new flow, wherein the forward control information includes re-writing of at least one field in an original header of the frames of the new flow."

**Answer:** Microsoft admits that claim 26 of the '733 patent recites "obtaining forward control information for frames of the new flow, wherein the forward control information includes re-writing of at least one field in an original header of the frames of the new flow."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

87.     When read in light of the '733 patent specification including at least Figs. 2 and 7, Cols. 3:64-66 (which provides a meaning of "an original header"), 4:8-36, and 8:15-22, and the plain language of claims 9, 18, 20, and 26, this phrase above informs a POSITA about the scope of the invention in claim 26 with reasonable certainty. Specifically, these disclosures generally describe re-writing of at least one field in an original header of a frame and that the forward control information includes instructions for performing re-writing. See Mir Dec., Ex. 14 at ¶¶27-29.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

88.     As such, based on at least these disclosures, a POSITA would be informed, with reasonable certainty, that "obtaining forward control information for frames of the new flow, wherein the forward control information includes re- writing of at least one field in an original header of the frames of the new flow" refers to obtaining forward control information for frames of the new flow, wherein the forward control information is used to re-write at least one field in an original header of the frames of the new flow.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

89.     A POSITA would also be informed with reasonable certainty that "an original header" refers to one of the headers that is associated with the frame at the host that created the frame.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

90.     At least claim 26 of the '733 patent recites the phrase "changing the at least one field in an original header of the frames of the new flow."

> **Answer:** Microsoft admits that claim 26 of the '733 patent recites "changing the at least one field in an original header of the frames of the new flow."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

91.     When read in light of the '733 patent specification including at least Cols. 3:64-66, 4:30-36, and 8:15-22, and the plain language of claims 9, 18, 20, and 26, this phrase above informs a POSITA about the scope of the invention in claim 26 with reasonable certainty. Specifically, these disclosures generally describe changing of at least one field in an original header of a frame. See Mir Dec., Ex. 14 at ¶¶30-31.

> **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

92.     As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that "changing the at least one field in an original header of the frames of the new flow" has its plain and ordinary meaning.

> **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

93.     At least claim 10 of the '733 patent recites the phrase "the encapsulation casing of the flow."

> **Answer:** Microsoft admits that claim 10 of the '733 patent recites "the encapsulation casing of the flow."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

94.     When read in light of the '733 patent specification including at least Fig. 2, Fig. 7, Cols. 4:30-37 and 5:66-6:8 and the plain language of claim 1, 9, 10, 26 and 35, this phrase above

informs a POSITA about the scope of the invention in claim 10 with reasonable certainty. Specifically, these disclosures generally describe that digital data carried by a frame is encapsulated within a casing which has a header. Claims 9 and 26, on which claims 10 and 35 respectively depend, recite re-writing one or more fields in the original header of the frame. See Mir Dec., Ex. 14 at ¶¶32-33.

> **Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

95.     As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that "the encapsulation casing of the flow" has its plain and ordinary meaning.

> **Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

96.     At least claim 5 of the '733 patent recites the phrase "the communication with the RAIC is done out of band."

> **Answer:** Microsoft admits that claim 5 of the '733 patent recites "the communication with the RAIC is done out of band." Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

97.     When read in light of the '733 patent specification including at least Figs. 1, 3, 6, and 7, Cols. 3:42-58, 8:28-59, 9:45- 49, and 11:6-8 and the plain language of claims 1 2, 5, 22, and 27, this phrase above informs a POSITA about the scope of the invention in claim 5 with reasonable certainty. Specifically, these disclosures generally describe how the flow manager obtains forwarding control information and claim 1 recites "the flow manager, obtains forwarding control information for the new flow from a remote- admission-and-information controller (RAIC)." See Mir Dec., Ex. 14 at ¶¶34-35.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

98.     As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that "the communication with the RAIC" refers to the transmission of information by which the forwarding control information for the new flow is obtained from the RAIC.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

99.     At least claim 18 of the '733 patent recites the phrase "wherein the original header is a header that was associated to the frame at the host that created the frame."

**Answer:** Microsoft admits that claim 18 of the '733 patent recites "wherein the original header is a header that was associated to the frame at the host that created the frame."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

100.     When read in light of the '733 patent specification including at least Figs. 2, 3, and 7, Cols. 7:25-35, and 8:28-36, and claims 1, 9, and 18, this phrase above informs a POSITA about the scope of the invention in claim 18 with reasonable certainty.  Specifically, these disclosures generally describe how the frames of a flow are processed. Claims 1 and 9, on which claim 18 depends, recite "the flow identifier receives a plurality of frames" and re-writing one or more fields in the original header of the frames. See Mir Dec., Ex. 14 at ¶¶36-37.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

101.     As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that "the frame" refers to one of the frames of the flow received by the flow identifier.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

102.    At least claim 18 of the '733 patent recites the phrase "…the host that created the frame."

**Answer:** Microsoft admits that claim 18 of the '733 patent recites "…the host that created the frame."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

103.    When read in light of the '733 patent specification including at least Fig. 7, Cols. 3:64-66, and 10:12-23 and the plain language of claims 1, 9, and 18, this phrase above informs a POSITA about the scope of the invention in claim 18 with reasonable certainty. Specifically, these disclosures generally describe that the host is the entity that creates a frame i.e., a source host. See Mir Dec., Ex. 14 at ¶¶38-39.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

104.    As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that "the host that created the frame" refers to a source host.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

**<u>United States Patent No. 8,971,335</u>**

105.    On March 3, 2015, the USPTO duly and legally issued United States Patent No. 8,971,335 ("the '335 patent") entitled "System and Method for Creating a Transitive Optimized Flow Path" to inventors Amir Harel, Alon Lelcuk, Ronit Nossenson, and Avinoam Zakai.

**Answer:** Microsoft admits the '335 patent states on its face that it issued on March 3, 2015. Microsoft admits that Amir Harel, Alon Lelcuk, Ronit Nossenson, and Avinoam Zakai are

-35-

listed as inventors on the face of the '335 patent.  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

106.    The '335 patent is presumed valid under 35 U.S.C. § 282.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

107.    Exafer owns all rights, title and interest in the '335 patent.

**Answer:** Microsoft admits that Exafer is listed as an assignee on the face of the '335 patent. Microsoft lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph, and therefore denies the same.

108.    Exafer has not granted a license to Microsoft relating to the '335 patent.

**Answer:** Admitted.

109.    The abstract of the '335 patent describes how "[t]raffic paths based on common devices available in a network are optimized, controlled, manipulated and created. The new paths used to optimize are not limited to the original OSI layer and/or original networks. Thus, various kinds of users/computers/devices, working in the same or in different abstraction layer networks, are combined into one collective virtual network providing the ability to compute and utilize the best (optimal) traffic path for each flow at each given time. The traffic path can be constructed especially for each flow. All or most devices and layer networks are combined in a collective virtual network when computing and constructing an optimized path for a flow. Thus, there is no need to add additional headers to a flow thereby eliminating the addition of overhead to the flow. *See* D.I. 1, Ex. 2. '335 patent, Abstract.

**Answer:** Microsoft admits that the abstract of the '335 patent speaks for itself.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

110.     The '335 patent disclosure provided, *inter alia*, solutions for problems with, and improvements upon, existing computer networks and how such networks operate. For example, the '335 patent provides:

> In common communication networks it is possible to change a path of a flow to a different network and/or to a different OSI layer. In such communication networks, the flow is encapsulated and additional headers are added to it thereby increasing the overhead of the data packets of the flow.…
>
> This operation results in increasing the overhead of the data packets of the flow. Communication networks that add additional headers are fast but not sophisticated networks. Flows can accumulate many headers across the path that it needs to be transferred through.…
>
> Adding more headers (encapsulation of the data traffic) increases the bandwidth consumption of the flow. Furthermore existing communication networks that calculate an optimized path and modify the flow accordingly can require edge devices at the edges of the flow path. The edge devices are needed for encapsulating and\or de-encapsulation and adding additional headers with forwarding information in order to divert the flow to a new path according to the optimization plane.…
>
> Common communication networks may also require a link management system and or method because they create a new network on top of existing networks, creating more complexity and so on.

*See* D.I. 1, Ex. 2, '335 patent, Specification at col. 3, ll. 22-54.

**Answer:** Microsoft admits that the specification of the '335 patent speaks for itself.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

111.     The '335 patent then also provides:

> Therefore there is a need for an elegant, sophisticated, and uncomplicated method and system that will enable creating an optimized path for a flow with minimal or no overhead.

*See* D.I. 1, Ex. 2, '335 patent, Specification at col. 3, ll. 54-57.

**Answer:** Microsoft admits that the specification of the '335 patent speaks for itself.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

112.    The '335 patent solves various technological problems inherent in computer networks and enables computer networks to, among other things, (1) function more efficiently, (2) be more agile in meeting customers' cloud computing needs, and (3) maximize the use of server and network hardware.

**Answer:** Microsoft admits that the specification of the '335 patent speaks for itself.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

113.    At least claim 1 of the '335 patent recites the phrases "identifying a new flow establishment to be carried over a new path" and "the new flow."

**Answer:** Microsoft admits that claim 1 of the '335 patent recites "identifying a new flow establishment to be carried over a new path" and "the new flow."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

114.    When read in light of the '335 patent specification including at least Cols. 9:55-60 and 10:10-13, and the plain language of claim 1, this phrase above informs a POSITA about the scope of the invention in claim 1 with reasonable certainty. Specifically, these disclosures generally describe how a new flow is established. See Mir Dec., Ex. 14 at ¶¶40-41.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

115.    As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that (1) "identifying a new flow establishment to be carried over a new path " refers to identifying the establishing of a new flow to be carried over a first path and (2) "the new flow" has its plain and ordinary meaning.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

116.   At least claims 1 and 15 of the '335 patent recite the phrase "the traffic over [the] two or more CPNs."

**Answer:** Microsoft admits that claims 1 and 15 of the '335 patent recite the phrase "the traffic over [t]he two or more CPNs."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

117.   When read in light of the '335 patent specification including at least Cols. 1:15-19, 4:40-42, and 5:22 - 6:42, and the plain language of the claims, this phrase above informs a POSITA about the scope of the invention in claims 1 and 15 with reasonable certainty. Specifically, these disclosures generally describe "the traffic" as network traffic to and/or from the CPNs. See Mir Dec., Ex. 14 at ¶¶42-43.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

118.   As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that "the traffic over [the] two or more CPNs" refers to digital data transmitted over two or more CPNs.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

119.   At least claims 15 and 21 of the '335 patent recite the phrase "trivial path."

**Answer:** Microsoft admits that claims 15 and 21 of the '335 patent recite the phrase "trivial path."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

120.   When read in light of the '335 patent specification including at least Cols. 6:36-38, 7:17-21, 12:47-53, 15:19-23 and 17:20-22, and the plain language of claims 1, 2, 15, 18 and 21, this phrase above informs a POSITA about the scope of the invention in claims 15 and 21 with reasonable

certainty. Specifically, these disclosures generally describe a trivial path and how the original headers of frames are re-written to change the path through which the frames travel. See Mir Dec., Ex. 14 at ¶¶44-45.

> **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

121.    As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that "trivial path" refers to the path that a frame takes based on the frame's original header.

> **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

122.    At least claim 26 of the '335 patent recites the phrase "identify an optimal path in the CVN instead of a known path."

> **Answer:** Microsoft admits that claim 26 of the '335 patent recites "identify an optimal path in the CVN instead of a known path."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

123.    When read in light of the '335 patent specification including at least Fig. 10, Col. 4:55-5:4, and the plain language of the claim, this phrase above informs a POSITA about the scope of the invention in claim 26 with reasonable certainty. Specifically, these disclosures generally describe known and optimal paths, which are well understood concepts in networking. See Mir Dec., Ex. 14 at ¶¶46-47.

> **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

124.    As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that "identify an optimal path in the CVN instead of a known path" has its plain and ordinary meaning.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

125.    At least claim 15 of the '335 patent recites the phrase "wherein the flow- path optimizer-and-creator is configured to . . . define two or more coupled promiscuity networks (CPN) from the plurality of CVNs according to the one or more TDSPRCs."

**Answer:** Microsoft admits that claim 15 of the '335 patent recites "wherein the flow- path optimizer-and-creator is configured to . . . define two or more coupled promiscuity networks (CPN) from the plurality of CVNs according to the one or more TDSPRCs."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

126.    When read in light of the '335 patent specification including at least Figs. 6, 7, 9, 10, 12, and 13, Cols. 10:47-51 and 12:33-62, and the plain language of the claim, this phrase above informs a POSITA about the scope of the invention in claim 15 with reasonable certainty. Specifically, these disclosures generally describe that the flow- path-optimizer-and-creator as the entity responsible for defining the two or more coupled promiscuity networks (CPNs). CPNs are networks connected through one or more common TDSPRC(s). See Mir Dec., Ex. 14 at ¶¶48-49.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

127.    As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that "the flow-path optimizer-and-creator is configured to . . . define two or more coupled promiscuity networks (CPN) from the plurality of CVNs according to the one or more TDSPRCs" refers to the flow-path optimizer-and-creator being configured to define two or more

coupled promiscuity networks (CPN) from the plurality of CVNs where the two or more CPNs are connected through the one or more TDSPRC(s).

> **Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

128.   At least claim 21 of the '335 patent recites the phrase "wherein the CPN manager is configured to collect topology information related to three or more different Open System Interconnection (OSI) model layers from a plurality of network devices working in different OSI layers, store the collected topology information in the database of topology information, and dynamically maintain the database of topology information on collective virtual networks (CVNs), wherein a CVN connects network devices working in networks that belong to different layer OSI layers, and one or more Transmitting Device Set with Promiscuous and Re-writing Capabilities (TDSPRC), perform network registration processes, and update the database of topology information."

> **Answer:** Microsoft admits that claim 21 of the '335 patent recites "wherein the CPN manager is configured to collect topology information related to three or more different Open System Interconnection (OSI) model layers from a plurality of network devices working in different OSI layers, store the collected topology information in the database of topology information, and dynamically maintain the database of topology information on collective virtual networks (CVNs), wherein a CVN connects network devices working in networks that belong to different layer OSI layers, and one or more Transmitting Device Set with Promiscuous and Re-writing Capabilities (TDSPRC), perform network registration processes, and update the database of topology information." Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

129.     When read in light of the '335 patent specification including at least Figs. 5 and 7, Cols. 9:49 - 10:22, 12:42 - 13:62, and the plain language of the claim, this phrase above informs a POSITA about the scope of the invention in claim 21 with reasonable certainty. Specifically, these disclosures generally describe the functions of the CPN manager. See Mir Dec., Ex. 14 at ¶¶50-51.

> **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

130.     As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that this phrase refers to configuring the CPN manager to: (1a) collect topology information related to three or more different Open System Interconnection (OSI) model layers from a plurality of network devices working in different OSI layers, (1b) store the collected topology information in the database of topology information, and (1c) dynamically maintain the database of topology information on collective virtual networks (CVNs), wherein a CVN connects network devices working in networks that belong to different layer OSI layers, and one or more Transmitting Device Set with Promiscuous and Re-writing Capabilities (TDSPRC); (2) perform network registration processes, and (3) update the database of topology information."

> **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

131.     At least claim 21 of the '335 patent recites the phrase "wherein the one or more session managers plans, based at least in part on information from the CVN database, a session optimization path, instead of a trivial path, over two or more coupled promiscuity networks (CPN), based on the database of topology information and accordingly creates a session virtualization process by controlling a selected TDSPRC to rewrite at least one header of an original frame of a flow, generates a session's flows forwarding rules and transfers the session's flows forwarding rules to the selected TDSPRC."

**Answer:** Microsoft admits that claim 21 of the '335 patent recites "wherein the one or more session managers plans, based at least in part on information from the CVN database, a session optimization path, instead of a trivial path, over two or more coupled promiscuity networks (CPN), based on the database of topology information and accordingly creates a session virtualization process by controlling a selected TDSPRC to rewrite at least one header of an original frame of a flow, generates a session's flows forwarding rules and transfers the session's flows forwarding rules to the selected TDSPRC."  Except as expressly admitted, Microsoft denies the remaining allegations of this paragraph.

132.    When read in light of the '335 patent specification including at least Fig. 6, Col. 10:47-12:32, and the plain language of the claim, this phrase above informs a POSITA about the scope of the invention in claim 21 with reasonable certainty. Specifically, these disclosures generally describe the functions of the session manager. See Mir Dec., Ex. 14 at ¶¶52-53.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

133.    As such, based on at least these disclosures, a POSITA would be informed with reasonable certainty, that this phrase refers to the session manager(s): (1a) planning, based at least in part on information from the CVN database, a session optimization path, instead of a trivial path, over two or more coupled promiscuity networks (CPN), based on the database of topology information, and (1b) accordingly creating a session virtualization process by controlling a selected TDSPRC to rewrite at least one header of an original frame of a flow; (2) generating a session's flows

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

**Microsoft's Azure Platform**

134. On information and belief, Microsoft is the developer, owner, and operator of the Azure Platform, which is available in 140 countries and 54 regions worldwide.

**Answer:** Microsoft admits that that the "Azure Platform" is a product offered by Microsoft. Microsoft admits that its website currently states that the "Azure Platform" is available in 56 regions worldwide and is available in 140 countries. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

135. On information and belief, in order to accommodate the scale of the Azure Platform, Microsoft has built datacenters throughout the United States and in this judicial district, which enable Microsoft to offer the accused Azure Platform to its customers.

**Answer:** Microsoft admits that that the "Azure Platform" is a product offered by Microsoft. Microsoft admits that its website currently states that the "Azure Platform" is available in 56 regions worldwide and is available in 140 countries. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

**CLAIMS FOR RELIEF**

**Count I – Infringement of United States Patent No. 8,325,733**

136. Exafer repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs, as set forth above.

**Answer:** Microsoft repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

137. Microsoft makes, uses, offers to sell access to, and sells access to the accused Azure Platform. The Azure Platform infringes, literally and/or under the doctrine of equivalents, at least claim 26 of the '733 patent.

**Answer:** Microsoft admits that the "Azure Platform" is a product that is offered by Microsoft. Microsoft denies that the Azure Platform infringes, literally or under the doctrine of equivalents, any claims of the '733 patent, including claim 26. Microsoft denies the remaining allegations in this paragraph.

138.    Claim 26 of the '733 patent provides as follows:

26. A method for forwarding frames of a flow via a layer 2 forwarder and manipulator (L2FM), the method comprising:

    a. identifying, at the L2FM, one or more first frames of a new flow;

    b. obtaining forward control information for frames of the new flow, wherein the forward control information includes re-writing of at least one field in an original header of the frames of the new flow, wherein obtaining forward control information is done out of band;

    c. changing the at least one field in an original header of the frames of the new flow according to the obtained forward control information; and

    d. forwarding the frames of the new flow according to the forward control information;

    wherein at least portion of the control information is obtained from a remote-admission-and-information controller (RAIC).

*See* D.I. 1, Ex. 1, '733 patent, Claim 26.

**Answer:** Admitted.

139.    On information and belief, the Azure Platform comprises a layer 2 forwarder and manipulator (L2FM) that employs a method for forwarding frames of a flow.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

140.    On information and belief, the L2FMs of the Azure Platform, include without limitation, Azure Smart Network Interface Cards ("Azure SmartNICs") which are integrated within the Azure Platform's servers:



*See* "Accelerated SDN in Azure" Presentation, Open Networking Summit 2017 Conference, Slide 14. (D.I. 1, Ex. 8).

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that Exhibit 8 to Exafer's Original Complaint provides a description of Azure SmartNIC, and the document speaks for itself. Implementation of the Azure Platform may differ from the representations in Exhibit 8. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

141.    On information and belief, the Azure Platform forwards frames of flows using at least the Azure SmartNICs:

> We present Azure Accelerated Networking (AccelNet), our solution for offloading host networking to hardware, using custom Azure SmartNICs based on FPGAs. We define the goals of AccelNet, including programmability comparable to software, and performance and efficiency comparable to hardware. We show that FPGAs are the best current platform for offloading our networking stack as ASICs do not provide sufficient programmability, and embedded CPU cores do not provide scalable performance, especially on single network flows.

*See* Firestone, Daniel, et al. "Azure accelerated networking: SmartNICs in the public cloud." *15th {USENIX} Symposium on Networked Systems Design and Implementation* ({NSDI} 18). 2018 at p. 1 (D.I. 1, Ex. 9). *See also* Firestone, Daniel. "{VFP}: A Virtual Switch Platform for Host {SDN} in the Public Cloud." *14th {USENIX} Symposium on Networked Systems Design and Implementation* ({NSDI} 17). 2017 (D.I. 1, Ex. 10).

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that Exhibit 10 to Exafer's Original Complaint speaks for itself. Implementation of the Azure Platform may differ from the representations in Exhibit 10. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

142. On information and belief, components of the Azure Platform including, but not limited to, the Virtual Filtering Platform ("VFP") Packet Processor software component and the SmartNIC, identify one or more first frames of a new flow when a new network traffic flow arrives at or is generated by the Azure Platform:

### 6.1.1  Unified FlowIDs

VFP's packet processor begins with parsing. The relevant fields to parse are all those which can be matched in conditions (from §5.3.1). One each of an L2/L3/L4 header (as defined in table 1) form a header group, and the relevant fields of a header group form a single FlowID. The tuple of all FlowIDs in a packet is a Unified FlowID (UFID) – the output of the parser.

*See* D.I. 1, Ex. 10 at Section 6.1.1.



*See also* "Accelerating Host Networking in the Cloud" Presentation, Slide 59. (D.I. 1, Ex. 11).

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft admits that Exhibits 10 and 11 to Exafer's Original Complaint speak for themselves. Implementation of the Azure Platform may differ from the representations in Exhibits 10 and 11. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

143.    On information and belief, components of the Azure Platform including, but not limited to servers and Azure SmartNICs, obtain forward control information for frames of new flows from components of the Azure Platform including, but not limited to controllers.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

144.    On information and belief, components of the Azure Platform including, but not limited to, servers, Azure SmartNICs, and virtual switch software, obtain forward control information for frames of new flows from components of the Azure Platform including, but not limited to controllers:



*See* D.I. 1, Ex. 8 at Slide 7.



*See* "Azure Accelerated Networking: SmartNICs in the Public Cloud," NSDI '18 Conference, Slide No. 23. (D.I. 1, Ex. 12).

> **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft admits that Exhibits 8 and 12 to Exafer's Original Complaint speak for themselves.  Implementation of the Azure Platform may differ from the representations in Exhibits 8 and 12.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

145.    On information and belief, "VFP's core programming model is based on a hierarchy of VFP objects that controllers can create and program to specify their SDN policy." *See* D.I. 1, Ex. 10 at Section 5.

> **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft admits that Exhibit 10 to Exafer's Original Complaint speaks for itself.  Implementation of the Azure Platform may differ from the representations in Exhibit 10.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

146.     On information and belief, the forward control information obtained by components of the Azure Platform including, but not limited to, servers, the virtual switch software, and the Azure SmartNICs, includes instructions for re-writing at least one field in an original header of the frames of the new flow:



See "Virtual Filtering Platform: A retrospective on 8 years of shipping Host SDN in the Public Cloud," NSDI '17 Conference, Slide 32 (D.I. 1, Ex. 13).



See D.I. 1, Ex. 9, Section 2.4.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft admits that Exhibits 9 and 13 to Exafer's Original Complaint speak for themselves.  Implementation of the Azure Platform may differ from the representations in Exhibits 9 and 13.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

147.   On information and belief, the forward control information obtained by the components of the Azure Platform including, but not limited to servers, virtual switch software, and the Azure SmartNICs, is obtained out of band:



*See* D.I. 1, Ex. 13, Slide 20.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft admits that Exhibit 13 to Exafer's Original Complaint speaks for itself.  Implementation of the Azure Platform may differ from the representations in Exhibit 13.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

148.   On information and belief, components of the Azure Platform including, but not limited to servers, virtual switch software, and the Azure SmartNICs, change at least one field in an original header of the frames of the new flow according to the obtained forward control information:

## Header Transposition – Example Actions

| Header | NAT | Encap | Decap | Encap+NAT | Decap+NAT |
|---|---|---|---|---|---|
| Outer Ethernet | Ignore | Push (SMAC,DMAC) | Pop | Push (SMAC,DMAC) | Pop |
| Outer IP | Modify (SIP,DIP) | Push (SIP,DIP) | Pop | Push (SIP,DIP) | Pop |
| GRE / VxLAN | Not Present | Push (Key) | Pop | Push (Key) | Pop |
| Inner Ethernet | Not Present | Modify (DMAC) | Ignore | Modify (DMAC) | Ignore |
| Inner IP | Not Present | Ignore | Ignore | Modify (SIP,DIP) | Modify (SIP,DIP) |
| TCP/UDP | Modify (SPt,DPt) | Ignore | Ignore | Modify (SPt,DPt) | Modify (SPort,DPort) |

**Allows rules to express more complex actions across headers**

Microsoft Azure

*See* D.I. 1, Ex. 13, Slide 33.

> **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft admits that Exhibit 13 to Exafer's Original Complaint speaks for itself.  Implementation of the Azure Platform may differ from the representations in Exhibit 13.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

149.    On information and belief, components of the Azure Platform including, but not limited to servers, virtual switch software, and the Azure SmartNICs, forward the frames of the new flow according to forward control information.

> **Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

150.    On information and belief, components of the Azure Platform including, but not limited to servers, virtual switch software, and Azure SmartNICs, obtain at least a portion of the

control information from remote-admission-and-information controllers, referred to by Microsoft as "controllers."

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

151.     On information and belief, Microsoft has been on notice of the '733 patent at least as early as the filing and service of the Complaint in this action.

**Answer:** Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25). No further response to this allegation is required.

152.     On information and belief, Microsoft's domestic Azure Platform customers, including but not limited to the 173 Microsoft's Azure Platform customers who are listed on their website, directly infringe every element of, at least claim 26 of the '733 patent through their use of the Azure Platform.

**Answer:** Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25). No further response to this allegation is required.

153.     On information and belief, at least since its post-filing knowledge of the '733 Patent, Microsoft knowingly encourages, and continues to encourage, customers to directly infringe one or more claims of the '733 patent, including by Microsoft's actions that include, without limitation, instructing and encouraging customers to use the Azure Platform through user guides/manuals, advertisements, promotional materials, and instructions.

**Answer**: Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25). No further response to this allegation is required.

154.     On information and belief, at least since its post-filing knowledge of the '733 patent, Microsoft knows that the acts Microsoft induced customers to take constitute patent infringement and Microsoft's encouraging acts result in direct infringement by customers.

**Answer:** Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25).  No further response to this allegation is required.

155.    On information and belief, Microsoft instructs and continues to instruct customers to use the Azure Platform including, without limitation, through Microsoft's websites, which provide support for using the Azure Platform.

**Answer:** Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25).  No further response to this allegation is required.

156.    On information and belief, at least the 173 customers listed on Microsoft's website directly infringe, literally and/or under the doctrine of equivalents, at least claim 26 of the '733 patent through their use of the Azure Platform.

**Answer**: Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25).  No further response to this allegation is required.

157.    On information and belief, Microsoft is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '733 patent, indirectly infringing and continues to indirectly infringe at least claim 26 of the '733 patent by knowingly and specifically intending to induce infringement by others (including, without limitation, Microsoft's customers) and possessing specific intent to encourage infringement by Microsoft's customers.

**Answer**: Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25).  No further response to this allegation is required.

158.    Exafer has been damaged by the direct and/or indirect infringement of Microsoft and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Answer**: Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25).  Denied.

## Count II – Infringement of United States Patent No. 8,971,335

159.    Exafer repeats, realleges, and incorporates by reference, as if fully set forth here, the allegations of the preceding paragraphs, as set forth above.

**Answer:** Microsoft repeats and realleges its responses to the foregoing paragraphs as if fully set forth herein.

160.    The Azure Platform infringes, literally and/or under the doctrine of equivalents, at least claim 26 of the '335 patent.

**Answer:** Denied.

161.    Claim 26 of the '335 patent provides as follows:

26. A method to optimize information delivery between a first node on a first network and a second node on the same or different network, the delivery being made through a networked system in which one or more paths between the first node and the second node are known and, through a Transmitting Device Set with Promiscuous and Re-writing Capabilities (TDSPRC) that receives and retransmits all frames of the first network and the same or different network, and the method comprising:

collecting topology information related to three or more different Open System Interconnection (OSI) model layers from a plurality of network devices working in networks that belong to different OSI layers;

identifying alternate paths, based at least in part on the collected topology information related to three or more different OSI layers, between the first node and the second node;

creating a collective virtual network (CVN) including the known paths and the alternate paths, for a particular flow, identify an optimal path in the CVN instead of a known path between the first node and the second node; and

modifying the data frames of the particular flow to be compatible with a network technology employed by the identified optimal path, wherein the modification is implemented by the TDSPRC and the TDSPRC is not a member in at least one of the networks.

*See* D.I. 1, Ex. 2, '335 patent, claim 26.

**Answer:** Admitted.

162.   On information and belief, the accused Azure Platform practices a method to optimize information delivery between a first node on a first network and a second node on the same or different network:



*See e.g.* D.I. 1, Ex. 13 at slide 11.

**Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that Exhibit 13 to Exafer's Original Complaint speaks for itself. Implementation of the Azure Platform may differ from the representations in Exhibit 13. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

163.   On information and belief, the information delivery optimization of the Azure Platform is exemplified by, but is not limited to, the improvements claimed in the following conference presentation slide:



Azure Accelerated Networking: Fastest Cloud Network!

- Highest bandwidth VMs of any cloud
  - DS15v2 & D15v2 VMs get 25Gbps

- Consistent low latency network performance
  - Provides SR-IOV to the VM
  - 10x latency improvement
  - Increased packets per second (PPS)
  - Reduced jitter means more consistency in workloads

- Enables workloads requiring native performance to run in cloud VMs
  - >2x improvement for many DB and OLTP applications

Microsoft Azure

*See e.g.* D.I. 1, Ex. 8 at slide 16.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft admits that Exhibit 8 to Exafer's Original Complaint speaks for itself.  Implementation of the Azure Platform may differ from the representations in Exhibit 8.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

164.    On information and belief, the accused Azure Platform delivers information through a networked system in which one or more paths between the first node and the second node are known.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

165.    On information and belief, the Azure Platform includes one or more transmitting device sets with promiscuous and re-writing capabilities, ("TDSPRCs").  More specifically, on

information and belief, the Azure Platform includes, without limitation, servers, as well as server-based hardware and software components including but not limited to the Azure SmartNICs, the virtual switch, and the VFP, which collectively or alone can form a device set that is capable of performing both promiscuous network data monitoring and re-writing of network transmission header information:



*See* D.I. 1, Ex. 13 at Slide 37.

> **Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that Exhibit 13 to Exafer's Original Complaint speaks for itself. Implementation of the Azure Platform may differ from the representations in Exhibit 13. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

166.     On information and belief, the Azure Platform receives and retransmits all frames of a network and the same or different network through a TDSPRC.

> **Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

167.    On information and belief, components of the Azure Platform, including but not limited to, the Azure controllers or the VFP, individually or collectively are configured to collect topology information related to three or more different OSI layers from a plurality of network devices working in different OSI layers as evidenced by the disclosures below:

> **2.4   Generic Flow Table Offload**
>
> One of AccelNet's goals was to find a way to make VFP's complex policy compatible with SR-IOV. The mechanism we use in VFP to enforce policy and filtering in an SR-IOV environment is called Generic Flow Tables (GFT). GFT is a match-action language that defines transformation and control operations on packets for one specific network flow. Conceptually, GFT is comprised of a single large table that has an entry for every active network flow on a host. GFT flows are defined based on the VFP unified flows (UF) definition, matching a unique source and destination L2/L3/L4 tuple, potentially across multiple layers of encapsulation, along with a header transposition (HT) action specifying how header fields are to be added/removed/changed.

*See* D.I. 1, Ex. 9 at Section 2.4.

> *6.1.1   Unified FlowIDs*
>
> VFP's packet processor begins with parsing. The relevant fields to parse are all those which can be matched in conditions (from §5.3.1). One each of an L2/L3/L4 header (as defined in table 1) form a header group, and the relevant fields of a header group form a single FlowID. The tuple of all FlowIDs in a packet is a Unified FlowID (UFID) – the output of the parser.

*See also* D.I. 1, Ex. 10 at Section 6.1.1.

| Table 3. Example Header Transpositions | | | | |
|---|---|---|---|---|
| Header | NAT | Encap | Decap | Encap+ NAT |
| Outer Ethernet | Ignore | Push (SMAC, DMAC) | Pop | Push (SMAC, DMAC) |
| Outer IP | Modify (SIP,DIP) | Push (SIP,DIP) | Pop | Push (SIP,DIP) |
| GRE | Not Present | Push (Key) | Pop | Push (Key) |
| Inner Ethernet | Not Present | Modify (DMAC) | Ignore | Modify (DMAC) |
| Inner IP | Not Present | Ignore | Ignore | Modify (SIP,DIP) |
| TCP/UDP | Modify (SPt,DPt) | Ignore | Ignore | Modify (SPt,DPt) |

*See also* D.I. 1, Ex. 10 at Table 3, presented on p. 322.

> **Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft admits that Exhibits 9 and 10 to Exafer's Original Complaint speak for themselves. Implementation of the Azure Platform may differ from the representations in Exhibits 9 and 10. Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

168. On information and belief, one or more components of the Azure Platform including without limitation, controllers identify alternate paths, based at least in part on the collected topology information related to three or more different OSI layers, between the first node and the second node.

> **Answer:** This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Microsoft denies the allegations in this paragraph.

169. On information and belief, components of the Azure Platform including but not limited to, controllers, networking equipment, and server equipment, create a collective virtual network (CVN) including the known paths and the alternate paths, for a particular flow, and identify an optimal path in the CVN instead of a known path between the first node and the second node.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

170.    On information and belief, the Azure Platform comprises a plurality of collective virtual networks, ("CVNs"). On information and belief, a non-limiting example of collective virtual networks within the Azure Platform is demonstrated by green and blue Generic Routing Encapsulation (GRE) networks depicted in the following conference slide:



*See e.g.* D.I. 1, Ex. 13 at slide 11.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft admits that Exhibit 13 to Exafer's Original Complaint speaks for itself.  Implementation of the Azure Platform may differ from the representations in Exhibit 13.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

171.    On information and belief, components of the Azure Platform which individually or collectively function as a TDSPRC modify data frames of a flow to be compatible with a network technology employed by the identified optimal path, as disclosed below:

> ### 5.3.2  Actions
> A rule descriptor also has an action. The action contains a type and a data structure specific to that type with data needed to perform the rule (for example, an encapsulation rule takes as input data the source / destination IP addresses, source / destination MACs, encapsulation format and key to use in encapsulating the packet). The action interface is extensible - example conditions and actions are listed in Figure 6.

*See* D.I. 1, Ex. 9 at Section 5.3.2.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft admits that Exhibit 9 to Exafer's Original Complaint speaks for itself.  Implementation of the Azure Platform may differ from the representations in Exhibit 9.  Except as expressly admitted, Microsoft denies the remaining allegations in this paragraph.

172.   On information and belief, components of the Azure Platform, which individually or collectively function as a TDSPRC are not a member or members in at least one of the networks to which either the first node or the second node belong.

**Answer:** This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Microsoft denies the allegations in this paragraph.

173.   On information and belief, Microsoft has been on notice of the '335 patent at least as early as the filing and service of the Complaint in this action.

**Answer:** Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25). No further response to this allegation is required.

174.   On information and belief, at least since its post-filing knowledge of the '335 Patent, Microsoft knowingly encourages, and continues to encourage, customers to directly infringe one or

more claims of the '335 patent, including by Microsoft's actions that include, without limitation, instructing and encouraging customers to use the Azure Platform through user guides/manuals, advertisements, promotional materials, and instructions.

**Answer:** Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25). No further response to this allegation is required.

175. On information and belief, at least since its post-filing knowledge of the '335 patent, Microsoft knows that the acts Microsoft induced customers to take constitute patent infringement and Microsoft's encouraging acts result in direct infringement by its customers.

**Answer:** Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25). No further response to this allegation is required.

176. On information and belief, Microsoft instructs and continues to instruct customers to use the Azure Platform including, without limitation, through Microsoft's websites, which provide support for using the Azure Platform.

**Answer:** Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25). No further response to this allegation is required.

177. On information and belief, Microsoft's domestic Azure Platform customers, including but not limited to the 173 Microsoft's Azure Platform customers who are listed on their website, directly infringe every element of, at least, claim 26 of the '335 patent through their use of the Azure Platform.

**Answer:** Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25). No further response to this allegation is required.

178. On information and belief, Microsoft is in violation of 35 U.S.C. § 271(b) and has been, at least since its post-filing knowledge of the '335 patent, indirectly infringing and continues to indirectly infringe at least claim 26 of the '335 patent by knowingly and specifically intending to

induce infringement by others (including, without limitation, Microsoft's customers) and possessing specific intent to encourage infringement by Microsoft's customers.

**Answer:** Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25).  No further response to this allegation is required.

179.    Exafer has been damaged by the direct and/or indirect infringement of Microsoft and is suffering and will continue to suffer irreparable harm and damages as a result of this infringement.

**Answer**: Exafer's claims for indirect infringement have been dismissed without prejudice. (D.I. 25).  Denied.

## JURY DEMANDED

180.    Pursuant to Federal Rule of Civil Procedure 38(b), Exafer hereby requests a trial by jury on all issues so triable.

**Answer:** Exafer's jury demand contains no statements that require an admission or denial.

## PRAYER FOR RELIEF

Microsoft denies all allegations that Exafer is entitled to any of the relief requested against Microsoft in its Prayer for Relief, or any other relief.  Microsoft denies any remaining allegations in the Prayer for Relief.

## AFFIRMATIVE AND OTHER DEFENSES

Microsoft asserts the following affirmative defenses, without assuming the burden of proof when such burden would otherwise be on Exafer.  In addition to the affirmative defenses described below, Microsoft specifically reserves all rights to assert additional affirmative defenses as additional information becomes available.

## FIRST DEFENSE

Microsoft does not infringe and has not infringed, either literally or under the doctrine of equivalents, alone or jointly, any valid and enforceable claim of the patents-in-suit.

## SECOND DEFENSE

One or more claims of the patents-in-suit are invalid for failure to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including but not limited to §§ 101, 102, 103, and 112, the applicable provisions of title 37 of the Code of Federal Regulations, and judicially created bases for invalidation, such as double patenting. One or more claims of the patents-in-suit are invalid under 35 U.S.C. §§ 102 and 103 because one or more prior-art references, including those references listed on the face of the patents-in-suit, that either alone or in combination disclose one or more claims of the patents-in-suit or the alleged inventions claimed therein are obvious to one having ordinary skill in the art in view of the prior art, including, but not limited to, the prior art listed on the face of the patents-in-suit. Additional prior art that invalidates the asserted claims will be set forth in Microsoft's invalidity contentions, amendments, and proposed amendments thereto.

## THIRD DEFENSE

One or more claims of the patents-in-suit are unpatentable for failure to comply with the requirements of 35 U.S.C. § 101.

## FOURTH DEFENSE

To the extent Exafer alleged infringement by the doctrine of equivalents, Exafer's claims for relief are barred in whole or in part by prosecution history estoppel, claim vitiation, or recapture. Exafer is estopped, based on statements, representations, and admissions made during the prosecution before the USPTO of the patent applications resulting in the patents-in-suit, as well as patent applications and proceedings related to the patents-in-suit, from asserting that Microsoft has infringed one or more claims of the patents-in-suit.

## FIFTH DEFENSE

Exafer's claim for damages is barred or limited by the equitable doctrines of estoppel, waiver, or other equitable doctrines.

## SIXTH DEFENSE

Exafer's claim for damages is limited by or barred in whole or in part by 35 U.S.C. §§ 286 and 287.  Exafer is precluded from recovering costs under 35 U.S.C. § 288.

## SEVENTH DEFENSE

Exafer fails to state a claim upon which relief may be granted.

## EIGHTH DEFENSE

Exafer is not entitled to any injunctive relief because, among other reasons, any alleged injury is not immediate or irreparable and Exafer has an adequate remedy at law for any alleged injury.

## NINTH DEFENSE

Exafer fails to show it has proper standing to seek equitable or other remedies.

## OTHER DEFENSES RESERVED

Microsoft specifically reserves the right to assert additional affirmative defenses and other defense permitted under the Federal Rules of Civil Procedure, the patent laws of the United States, or at law or in equity as they may now exist, be discovered, or otherwise become available based on discovery and further investigation in this case.

## COUNTERCLAIMS

Microsoft counterclaims against Exafer as follows:

## PARTIES:

1.      Microsoft is a corporation organized under the laws of the State of Washington and having a principal place of business at One Microsoft Way, Redmond, Washington 98052.

2.      According to the allegations in Exafer's Amended Complaint, Exafer Ltd. is a privately held Israeli limited company with its principal place of business at 131 Ramot Meir, Israel.

## JURISDICTION AND VENUE

3.      These counterclaims arise under title 35 of the United States Code.  The Court therefore has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.      Exafer is subject to personal jurisdiction in this District because it has availed itself of this Court by filing this action in this District.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 insofar as venue is determined to be proper with respect to Exafer's allegations of infringement against Microsoft.

## FIRST COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,325,733

6.      Microsoft realleges and reincorporates by reference Paragraphs 1–180 of the Answer and its Affirmative Defenses and Paragraphs 1–5 of the Counterclaims as though set forth fully herein.

7.      Microsoft counterclaims against Exafer pursuant to the patent laws of the United States, title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.      Exafer has filed an action for patent infringement alleging that Microsoft has infringed one or more claims of U.S. Patent No. 8,325, 733 ("the '733 patent").

9.      An actual controversy exists between Exafer and Microsoft by virtue of the allegations of Exafer's Complaint and Microsoft's Answer and Affirmative Defenses as to the invalidity of the '733 patent.

10.      The '733 patent is invalid, as set forth above in Microsoft's Affirmative Defenses.

11.     Pursuant to the Declaratory Judgments Act, Microsoft is entitled to a judicial declaration from the Court that that one or more claims of the '733 patent are invalid.

### SECOND COUNTERCLAIM – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,325,733

12.     Microsoft realleges and reincorporates by reference Paragraphs 1–180 of the Answer and its Affirmative Defenses and Paragraphs 1–11 of the Counterclaims as though set forth fully herein.

13.     Microsoft counterclaims against Exafer pursuant to the patent laws of the United States, title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

14.     Exafer has filed an action for patent infringement alleging that Microsoft has infringed one or more claims of the '733 patent.

15.     An actual controversy exists between Exafer and Microsoft by virtue of the allegations of Exafer's Complaint and Microsoft's Answer and Affirmative Defenses as to the noninfringement of the '733 patent.

16.     The '733 patent is not infringed, as set forth above in Microsoft's Affirmative Defenses.

17.     Pursuant to the Declaratory Judgments Act, Microsoft is entitled to a judicial declaration from the Court that Microsoft does not and has not infringed any valid and enforceable claim of the '733 patent.

### THIRD COUNTERCLAIM – DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 8,971,335

18.     Microsoft realleges and reincorporates by reference Paragraphs 1–180 of the Answer its Affirmative Defenses and Paragraphs 1–17 of the Counterclaims as though set forth fully herein.

19.     Microsoft counterclaims against Exafer pursuant to the patent laws of the United States, title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

20.     Exafer has filed an action for patent infringement alleging that Microsoft has infringed one or more claims of U.S. Patent No. 8,971,335 ("the '335 patent").

21.     An actual controversy exists between Exafer and Microsoft by virtue of the allegations of Exafer's Complaint and Microsoft's Answer as to the invalidity of the '335 patent.

22.     The '335 patent is invalid, as set forth above in Microsoft's affirmative defenses.

23.     Pursuant to the Declaratory Judgments Act, Microsoft is entitled to a judicial declaration from the Court that one or more claims of the '335 patent are invalid.

## FOURTH COUNTERCLAIM – DECLARATORY JUDGMENT OF NONINFRINGEMENT OF U.S. PATENT NO. 8,971,335

24.     Microsoft realleges and reincorporates by reference Paragraphs 1–180 of the Answer and its Affirmative Defenses and Paragraphs 1–23 of the Counterclaims as though set forth fully herein.

25.     Microsoft counterclaims against Exafer pursuant to the patent laws of the United States, title 35 of the United States Code, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

26.     Exafer has filed an action for patent infringement alleging that Microsoft has infringed one or more claims of the '335 patent.

27.     An actual controversy exists between Exafer and Microsoft by virtue of the allegations of Exafer's Complaint and Microsoft's Answer as to the noninfringement of the '335 patent.

28.     The '335 patent is not infringed, as set forth above in Microsoft's affirmative defenses.

29.     Pursuant to the Declaratory Judgments Act, Microsoft is entitled to a judicial declaration from the Court that Microsoft does not and has not infringed any valid and enforceable claim of the '335 patent.

## DEMAND FOR JURY TRIAL

30.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Microsoft respectfully requests a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Microsoft prays for judgment as follows on Exafer's Complaint and on Microsoft's Answer and Counterclaims:

A.  That Exafer's Complaint be dismissed with prejudice and that Plaintiffs take nothing;

B.  That judgment be entered in favor of Microsoft and against Exafer;

C.  That judgment be entered declaring the asserted claims of the '733 and '335 patents invalid and not infringed by Microsoft or by the use of its products or services;

D.  That Exafer's conduct be declared to render this case an exceptional case;

E.  That Microsoft be awarded its attorneys' fees in connection with this action pursuant to 35 U.S.C. § 285 and/or other applicable laws;

F.  That Plaintiffs be required to pay Microsoft's costs of suit; and

G.  That Microsoft be awarded such other and further relief as the Court deems just and proper.

DATED: November 20, 2020

Respectfully Submitted,

By: /s/ Katherine Vidal

M. Brett Johnson
Texas Bar No. 00790975
Peter Tong (admitted *pro hac vice*)
WINSTON & STRAWN LLP
2121 North Pearl Street, Suite 900
Dallas, TX 75201
Tel. (214) 453-6500
Fax (214) 453-6400
mbjohnson@winston.com
ptong@winston.com

Katherine Vidal (admitted *pro hac vice*)
WINSTON & STRAWN LLP
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
Tel. (650) 858-6500
Fax (650) 858-6550
kvidal@winston.com

Samantha M. Lerner (admitted *pro hac vice*)
Vivek V. Krishnan (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive, Suite 4100
Chicago, IL 60601
Tel. (312) 558-5600
Fax (312) 558-5700
slerner@winston.com
vkrishnan@winston.com

**COUNSEL FOR DEFENDANT
MICROSOFT CORPORATION**

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 20, 2020, the foregoing document was served to counsel of record for Plaintiff Exafer Ltd.

/s/    *Katherine Vidal*