UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **EXAFER LTD,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL NO. A-20-CV-00131-ADA |
| § | |
| **MICROSOFT CORPORATION,** § | |
| § | |
| Defendant. § | |

### ORDER REGARDING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND MOTION IN SUPPORT OF ITS BILL OF COSTS

Before the Court is the Report and Recommendation issued by the United States Magistrate Judge regarding Defendant Microsoft Corporation's Motion for Attorneys' Fees and its Motion In Support of Its Bill of Costs (ECF No. 273). The Motions were referred to the Magistrate Judge for a Report and Recommendation on the merits. *See* 10/24/2024 Text Orders. The Magistrate Judge issued his Report and Recommendation on March 12, 2025, recommending that the Motion for Attorneys' Fees be granted-in-part and denied-in-part and that Microsoft be awarded the costs it sought. ECF No. 273.

Plaintiff Exafer Ltd. timely objected on March 26, 2025. ECF No. 274. The Court held a hearing regarding the matter on June 20, 2025, during which it declined to adopt the Report and Recommendation, denied the Motion for Attorneys' Fees, and held in abeyance its determination regarding the award of costs. *See* ECF No. 286 at 39:18–40:12. This Order memorializes and further explains the Court's oral rulings.

## I.  BACKGROUND

Exafer filed this patent infringement suit against Microsoft on December 4, 2019. ECF No. 1. The case was originally assigned to the undersigned, and after a *Markman* hearing was conducted, the Court set the case for trial for September 20, 2021. *See* ECF No. 64. By agreement of the parties, the trial was reset for January 24, 2022. ECF No. 85. On November 11, 2021, the case was assigned to Judge Yeakel. ECF No. 97. On December 13, 2021, the case was transferred to Judge Pitman. ECF No. 99. The Court then entered an amended scheduling order setting trial for December 4, 2023. ECF No. 116.

The Court later moved the trial date, at Microsoft's request, to February 5, 2024. *See* 04/20/2023 Text Order. On May 24, 2023, Exafer moved to compel a supplemental deposition of a Microsoft employee. ECF No. 124. Though fact discovery had closed, the Magistrate Judge granted the motion, finding that the deposition would not interfere with trial preparation and that any prejudice to Microsoft was minimal. ECF No. 131. After Exafer took the employee's deposition, it served two supplemental expert reports of its technical and damages experts, which it claimed were needed to respond to the new deposition. *See* ECF No. 135. Microsoft objected, and the Magistrate Judge conducted a status conference regarding the supplemental reports. *See id.*; ECF No. 139. The Magistrate Judge gave Exafer the option of either (1) the Court striking the supplemental expert reports or (2) allowing the supplemental reports and allowing Microsoft to serve supplemental rebuttal reports and take supplemental expert depositions, which would require moving the motion deadlines and trial dates. ECF No. 142. Exafer selected the latter option, and the Court entered an order accordingly. *Id.*

On November 6, 2023, Microsoft filed its motion to exclude the opinions of Exafer's experts, Dr. Blok and Dr. Congdon, regarding damages. ECF No. 152. On March 7, 2024, the

Magistrate Judge granted the motion as to Dr. Blok but denied the motion as to Dr. Congdon. ECF No. 165. The parties then jointly requested a one month extension of the deadlines for dispositive motions and *Daubert* motions to assess the impact of the Magistrate Judge's order, which the Court granted. ECF Nos. 166, 167. Exafer then timely filed objections to the Magistrate Judge's order. *See* ECF No. 170. On April 4, 2024, while Exafer's objections were pending, Microsoft moved to modify the schedule and vacate the trial date, arguing that the exclusion of Exafer's damages report was proper and case dispositive. ECF No. 174. Thus, Microsoft suggested that the parties' deadlines for filing dispositive motions and any further *Daubert* motions be delayed until the Court ruled on Exafer's objections to the Magistrate Judge's order. *Id.* at 1–2, 5–6. Microsoft argued that if the Court overruled Exafer's objections, Exafer would "need to either drop its case or seek an interlocutory appeal on the damages ruling." *Id.* at 4. Microsoft later requested that the parties' deadlines to file dispositive motions and further *Daubert* motions be extended by two weeks, though it clarified that this request did not moot its motion to modify the schedule and vacate the trial date. ECF No. 178.

The Court denied Microsoft's motion to modify the scheduling order and vacate the trial date, instead extending the dispositive motions and *Daubert* motions deadlines by two weeks. *See* 04/12/2024 Text Orders. Microsoft then filed a motion for summary judgment based on absence of remedy, which the Court granted. *See* ECF Nos. 195, 243. The Court entered final judgment in favor of Microsoft on August 30, 2024. ECF No. 249. Exafer has appealed the Court's order granting the motion for summary judgment and the Final Judgment. ECF No. 251.

Microsoft timely filed its Bill of Costs (ECF No. 257) and later filed the present Motion for Attorneys' Fees (ECF No. 258) and Motion in Support of Its Bill of Costs (ECF No. 264). The

3

Motions were referred to the Magistrate Judge, who recommended that the Court find the case exceptional and award attorneys' fees as well as costs. ECF No. 273.

## II. STANDARD OF REVIEW

The standard of review applied by the Court depends on whether Microsoft's Motion for Attorneys' Fees is classified as a non-dispositive or dispositive matter. Federal Rule of Civil Procedure 72(a) provides that for non-dispositive matters, the Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Rule 72(b) provides that for dispositive matters, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b). Any portion not objected to is subject to clear error review. Fed. R. Civ. P. 72(b) advisory committee's notes—1983 (citation omitted). Microsoft contends the Motion is a non-dispositive matter, warranting clear error review. Exafer argues the Motion is a dispositive matter, warranting de novo review.

While it does not appear that the Fifth Circuit has weighed in on whether a post-judgment motion for attorneys' fees is a non-dispositive or dispositive matter, the consensus among the circuit courts is that a motion for attorneys' fees is a dispositive motion subject to de novo review. *See Castillo Marenco v. J.C. Painting Contractor LLC*, No. 24-CV-21463, 2025 WL 814826, at *2 & n.4 (S.D. Fla. Mar. 14, 2025) (collecting cases). This consensus is likewise generally reflected by district courts in the Fifth Circuit. *See, e.g.*, *Compound South, LLC v. State Auto. Mut. Ins. Co.*, No. 5:23-cv-070-H-BQ, 2024 WL 858011, at *1 n.1 (N.D. Tex. Jan. 31, 2024) (noting that a motion for post-judgment attorney's fees is a dispositive matter requiring a report and recommendation); *Adkisson v. Safeco Ins. Co. of Ind.*, No. 6:23-cv-146, 2023 WL 5493606, at *1 & n.1 (E.D. Tex. Aug. 1, 2023) (issuing a report and recommendation on defendant's motion to

4

limit attorney's fees and referencing Rule 54 in support), *R. & R. adopted by* 2023 WL 5489029 (E.D. Tex. Aug. 24, 2023); *Pemberton v. Unitrin Preferred Ins. Co.*, No. 1:21-CV-00452-RP, 2022 WL 2763160, at *1 & n.1 (W.D. Tex. Jan. 6, 2022) (making a recommendation to the district judge on the defendant's motion to deny the plaintiff's attorney's fees claim), *R. & R. adopted by* 2022 WL 2763157 (W.D. Tex. Mar. 16, 2022); *Team Contractors, LLC v. Waypoint NOLA, LLC*, No. 16-1131, 2021 WL 5911278, at *1 n.1 (E.D. La. Nov. 18, 2021) ("[A] post-trial motion for attorneys' fees is considered a dispositive matter.").

Thus, the Court determines that Microsoft's Motion for Attorneys' Fees is a dispositive matter, and de novo review applies. While the parties do not discuss the standard of review for the Magistrate Judge's recommendation regarding Microsoft's Motion for Bill of Costs, objections to a bill of costs or a motion to tax post-judgment under Rule 54(d)(1) and 28 U.S.C. § 1920 may be treated as non-dispositive. *Oyekwe v. Rsch. Now Grp., Inc.*, No. 3:19-CV-1085-S, 2021 WL 2255901, at *1 (N.D. Tex. June 3, 2021).

### III. DISCUSSION

The Magistrate Judge recommends that the Court find this case exceptional and award attorneys' fees under 35 U.S.C. § 285, hold Exafer's counsel jointly liable for the attorneys' fees award under 28 U.S.C. § 1927, and award Microsoft all costs it seeks pursuant to 28 U.S.C. § 1920. For the reasons set forth below, the Court declines to adopt the Report and Recommendation.

**A.    Attorneys' Fees Pursuant to 35 U.S.C. § 285**

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. A case's exceptionality is determined by a consideration of the totality of the circumstances on a case-by-case basis. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). A case is considered exceptional when it "stands out

from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* Exceptionality must be shown by a preponderance of the evidence. *Id.* at 557. Microsoft contends that this case stands apart from others because Exafer's damages case, which Microsoft successfully excluded, was baseless. Microsoft further contends that Exafer litigated this case in an unreasonable and vexatious manner, pointing primarily to Exafer's refusal to dismiss its case or seek an interlocutory appeal after its damages expert's testimony was excluded.

Having considered the totality of the circumstances, the Court determines that the overall case is not exceptional. In most cases, "exclusion of expert testimony under *Daubert* does not automatically trigger a finding of litigation misconduct." *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 920 (Fed. Cir. 2012). For example, in *MarcTec*, the Federal Circuit affirmed the district court's award of attorney's fees where the plaintiff (1) acted in bad faith in filing a baseless infringement action and continuing to pursue it despite no evidence of infringement, (2) misrepresented the law of claim construction and the constructions ultimately adopted by the court, and (3) introduced and relied on expert testimony that failed to meet even minimal standards of reliability. *See id.* at 916–20. That is, the district court considered the case as a whole and found various instances of egregious behavior that supported an award of attorney fees. *Id.* at 920.

While the Federal Circuit declined to adopt a bright-line rule that a district court may never find a case exceptional based on a single, isolated act, it clarified that "[t]he district court must determine whether the conduct, isolated or otherwise, is such that when considered as part of and along with the totality of circumstances, the case is exceptional." *Intellectual Ventures I LLC v. Trend Micro Inc.*, 944 F.3d 1380, 1383–84 (Fed. Cir. 2019). Notably, in *Intellectual Ventures*, the Federal Circuit vacated the district court's finding of exceptionality because the district court "did

not find that the case overall was exceptional," but instead had only "focused on whether one discrete portion of the case stood out." On remand, the district court concluded the only aspect of the litigation that "stood out" was the plaintiff's change of testimony. *Intellectual Ventures I LLC v. Trend Micro Inc.*, No. 12-1581-LPS, 2021 WL 3145205, at *4 (D. Del. July 26, 2021). The district court held that the isolated conduct was not sufficient, when considered as part of and along with the totality of the circumstances, to make the case stand out from other patent cases. *Id.*

Here, the Court does not find that the case stands out in a way that makes it exceptional overall. Microsoft's main allegation of litigation misconduct is Exafer's refusal to dismiss or seek an interlocutory appeal following the Court's exclusion of Exafer's damages expert. However, as detailed above, Microsoft had moved the Court to amend the scheduling order until the Court ruled on Exafer's objections to the Magistrate Judge's order, expressly stating that if the Court overruled Exafer's objections, Exafer would "need to either drop its case or seek an interlocutory appeal on the damages ruling." In support of this assertion, Microsoft cited *MLC Intellectual Property v. Micron Technology*, 794 F. App'x 951, 952–53 (Fed. Cir. 2020). Thus, Microsoft's stance regarding interlocutory appeal was fully before the Court when it ruled on the motion.

Rather than agree with Microsoft, the Court denied the motion and instead ordered the parties to "file dispositive motions and any remaining objections to the reliability of an expert's proposed testimony on or before May 3, 2024." *See* 04/12/2024 Text Orders. Thus, it was reasonable for Exafer to understand that the Court had rejected Microsoft's assertion that Exafer should drop its case or seek an interlocutory appeal. The Court cannot now fault Exafer for following the Court's order to continue to litigate the case.

Moreover, the fact that Microsoft placed Exafer on notice of the Federal Circuit's decision in *MLC Intellectual* in support of its position that interlocutory appeal was appropriate does not

move the needle. Exafer cites Federal Circuit case law that stands for the opposite—that an interlocutory appeal regarding a damages issue is inappropriate where the issue of liability remains undecided. ECF No. 260 at 13 (citing *Rembrandt Social Media, LP v. Facebook, Inc.*, 561 F. App'x 909, 911–13 (Fed. Cir. 2014); *Fujitsu Ltd. v. Tellabs, Inc.*, 539 F. App'x 1005, 1006 (Fed. Cir. 2013)). Thus, it is not apparent that an interlocutory appeal regarding the exclusion of Exafer's damages expert would have been appropriate. Between the Court's own orders rejecting the need for an interlocutory appeal and indicating that the parties should continue to litigate, and the absence of clear guidance from the Federal Circuit on this issue,[1] the Court does not find Exafer's refusal to dismiss the case or seek interlocutory appeal vexatious or unreasonable.

While Microsoft criticizes other instances of Exafer's conduct, such as its "failure to prosecute" and its decision "to reopen fact discovery on the eve of motion deadlines," these points are unpersuasive. The Court's order admonishing the lack of activity in the case was addressed to both parties and followed a period of active litigation that subsided following the subsequent transfers of the case. *See* ECF No. 112. And the parties immediately complied once the Court ordered them to submit a scheduling order. *See* ECF No. 113. Moreover, while Microsoft suggests that Exafer's request to compel the deposition of its employee after the close of fact discovery was unreasonable, the Court found good cause to allow Exafer to do so. *See* ECF No. 131.

Having determined that Exafer's litigation conduct was not unreasonable or vexatious, what remains is Microsoft's assertion that Exafer's damages theory was baseless.[2] Having reviewed the parties' arguments, the Court declines to find that Exafer's damages theory was so

---

[1] The cases cited by the parties are all unpublished opinions, which the Federal Circuit may look to "for guidance or persuasive reasoning but will not give . . . the effect of binding precedent." Fed. Cir. R. 32.1.

[2] Microsoft also refers to an "objectively baseless infringement case and legally unsupportable technical expert opinions" but does not further elaborate. Microsoft's motions regarding Exafer's infringement theories were never addressed by the Court. *See* ECF No. 243 at 17.

lacking in merit that it would render this case exceptional overall. Even if this Court were to determine that this one portion of the case were exceptional,[3] when considered as part of and along with the totality of circumstances, the Court does not find the case exceptional. That is, the Court does not find Exafer's conduct unreasonable in comparison to a mine-run patent case. Furthermore, the Court finds the following persuasive in this situation:

> Harshly judging the efforts of losing parties in light of the successes of the prevailing party is a tempting path to take but one which quickly becomes a slippery slope, running contrary to the directives of binding precedent. Fee shifting under § 285 may only be undertaken when the case "stands out from others with respect to the substantive strength of a party's litigating position . . . or the unreasonable manner in which the case was litigated." *Octane Fitness*, 134 S.Ct. at 1756. Recognition that other cases, indeed, most cases, do not warrant an imposition of fees aptly delineates a margin of error for a losing party within which this situation clearly falls. The goal of avoiding chilling access to the courts teaches that cases located in this margin should not be considered exceptional. This case does have some weaknesses, but, frankly, most cases do.

*Uniloc USA, Inc. v. Acronis, Inc.*, No. 6:15-CV-1001, 2019 WL 498341, at *4 (E.D. Tex. Feb. 8, 2019) (citation omitted). For these reasons, the Court declines to adopts the recommendation as to the award of attorneys' fees under § 285.

**B.    Attorneys' Fees Under 28 U.S.C. § 1927**

Under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Section 1927 sanctions are "punitive in nature and require 'clear and convincing evidence, that every facet of the litigation was patently meritless' and 'evidence of bad faith, improper motive, or reckless disregard of the duty owed to the court.'" *Bryant v. Military Dep't of Miss.*, 597 F.3d 678, 694 (5th

---

[3] While not dispositive, the Court does find persuasive that Microsoft has not cited, and the Court has been unable to find, a case in which a court has found that a grant of a *Daubert* motion excluding a damages expert is alone sufficient to warrant finding a case exceptional.

Cir. 2010) (citation omitted). Under § 1927, "[a]n unsuccessful claim is not necessarily sanctionable." *Hogue v. Royse City, Tex.*, 939 F.2d 1249, 1256 (5th Cir. 1991)).

Having determined that fees are not appropriate under 35 U.S.C. § 285, the Court further determines that § 1927 sanctions are not appropriate. Microsoft has not demonstrated, by clear and convincing evidence, "that every facet of the litigation was patently meritless" or that Exafer's counsel acted in bad faith, with improper motive, or with reckless disregard of the duty it owes the Court. Thus, for similar reasons as above, Microsoft has not shown that Exafer's counsel "unreasonably and vexatiously" multiplied the proceedings in this case.

### C.    Bill of Costs

The parties have agreed that the Court should abstain from deciding whether to adopt the Magistrate Judge's recommendation regarding Microsoft's Bill of Costs until after the Federal Circuit has resolved Exafer's appeal. *See* ECF No. 286 at 39:23–40:12.

### IV.    CONCLUSION

For these reasons, the Court declines to adopt the portions of the Report and Recommendation pertinent to Microsoft's Motion for Attorneys' Fees. The Court withholds its determination regarding the award of costs until after Exafer's appeal is resolved.

**IT IS THEREFORE ORDERED** that Exafer's objections to the Report and Recommendation are **SUSTAINED** as to the issue of attorneys' fees, and that Microsoft's Motion for Attorneys' Fees (ECF No. 258) is **DENIED**.

**SIGNED** this 12th day of August, 2025.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE